January Term, 1861.

FISHER et al.
v.
MOOLICK.

[END OF JUNE TERM, 1860.]

| 13 | 321 |
| 77 | 196 |

| 13 | 321 |
| 81 | 202 |

## FISHER and others vs. MOOLICK.

F. made a parol agreement with M. to enter for him forty acres of land which M. was occupying under a pre-emption claim, and to convey it to him on the payment of $50 in one year with 25 per cent. interest. After F. made the entry, M. continued in possession and made valuable improvements, with the knowledge and consent of F., who sent word to M. to come and get a written contract, but died before executing it. M. paid the purchase money to the administrator of F., who accounted for it in the settlement of the estate. *Held*, that there had been such a part performance of the contract as took it out of the statute of frauds.

*Held*, also, that in an action by the heirs of F., to recover the land, M. (who had demanded that relief in his answer), was entitled to a specific performance of the contract.

ERROR to the Circuit Court for *Dane* County.

Action by the heirs of one Fisher to recover the S. W. qr. of the N. E. qr. of sec. 19, T. 7, R. 11, in Dane county.

Judgment for the defendant. The facts of the case are sufficiently stated in the opinion of the court.

*T. J. Widvey*, for plaintiffs in error, contended that the land in controversy having been purchased with the money of Fisher, the alleged oral agreement under which the defendant in error claims, was void by the statute of frauds, citing 9 Watts, 32; 10 Watts, 313; 1 Watts & S., 372; 4 id., 149; 9 id., 62; 1 Cox, 15; 7 Barb. (S. C.), 57; 4 Johns., 240; 14 id., 358; 3 Marsh. (Ky.), 23; 6 Dana, 332; 13 Ill., 227; 5 Johns. Ch. R., 1; 3 Sumn., 438.

*Wakeley, Tenney & Vilas, contra*, insisted that there had been a part performance which took the case out of the statute, citing 1 Mad. Ch'y, 373 et seq.; 6 Wis., 167; 9 N. H.,

VOL. XIII—21

January Term, 385; 8 id., 1; 2 Caines' Cases, 87; 9 Peters, 86, 103; 4
    1861.       Coms., 403; 4 Wis., 79.

FISHER et al.
    v.
MOOLICK.        *By the Court*, COLE, J.   In this case the circuit court de-
January 8.   cided as a matter of law that Edward Fisher, the ancestor
of the plaintiffs in error, acted as the agent and trustee of the
defendant, in purchasing the lands in controversy of the
United States, and that he took and held the title in that*
capacity for the benefit of the defendant.   The correctness
of this view was strongly combatted in the argument made
on the part of the plaintiffs in error, and many authorities
were cited to show that it could not be sustained.   But
without stopping to inquire whether the circuit court was
right in this proposition of law when applied to the facts
disclosed on the trial, we still think the judgment can well
be sustained on another ground.    And although the action
was ejectment, or one for the recovery of real estate, still we
are satisfied from the evidence that the defendant was enti-
tled to the relief asked for in his answer, and obtained on
the trial, namely, a deed of the premises from the heirs of
Edward Fisher.   For to our minds the evidence abundantly
shows that there had been such a part performance of a parol
contract for the sale and conveyance of real estate, as to enti-
tle the defendant to a specific performance thereof from a
court of equity.   Such being the case, we fully concur in the
judgment of the circuit court, which adjudged that the plain-
tiffs execute and deliver to the defendant a good and suffi-
cient deed of conveyance of the premises mentioned in the
complaint, with a covenant of warranty against their own
acts, and that the legal title to the land be vested in the de-
fendant.   This is what justice and equity require to be done,
as the leading facts in the case will show.

It appears from the testimony that the defendant went
upon the land in dispute in the fore part of the year 1851,
for the purpose of improvement and cultivation, under the
pre-emption laws of the United States.   Being unable to
enter the land within the year, he applied to Edward Fisher
for a loan of money, to enable him to do so.   Fisher agreed
to enter the land for him, take the receiver's receipt in his

January Term,
1861.

FISHER et al.
v.
MOOLICK.

own name, and convey the land to the defendant, upon the payment of fifty dollars, payable in one year, with twenty-five per cent. interest. The circuit court found that after the entry, Fisher promised and agreed to convey the land to the defendant, on being paid the purchase money, with interest, as above stated, and that he was willing and designed to enter into a written contract to that effect, but died before executing the same; and this finding, we think, is sustained by the evidence. Further, that the defendant, relying upon the said purchase by Fisher, and his promise to convey, continued in the occupancy of the land, and made valuable improvements thereon, with the knowledge and consent of Fisher, after the entry. On the trial, the defendant also offered in evidence the receipts given to him, one for fifty dollars, bearing date January 13, 1853, stating that the amount was " *to apply on contract with Fisher,*" containing, likewise, the following memorandum : " S. W. 1-4, N. E. 1-4, Sec. 19, T. 7, R. 11," signed " J. RICHARDSON ;" the other dated Nov. 30th, 1853, reading as follows : " $15,44. Received of *James Moolick,* fifteen 44-100 dollars, being in full for payment on duplicate for south-west of north-east quarter, Sec. 19, T. 7, R. 11, held by estate of Edward Fisher on said tract of land ;" signed " RICHARDSON & VANSLYKE, for the administrator, L. J. Farwell." Farwell testified " that he was acting as the special administrator of Edward Fisher, in January and November, 1853 ; that he received the money mentioned in the receipts, as such special administrator ; that Richardson and Richardson & Co. acted as his agents to receive money on the estate ; that this money, so received, was accounted for to the probate court, and paid over as directed by that court." Thus, there can be no manner of doubt that Fisher made the parol contract to convey to the defendant the precise tract of land in controversy, upon being paid the purchase money, with interest thereon at the rate of twenty-five per cent. ; that he permitted the defendant to continue in the undisturbed possession of the land, and to make improvements thereon, relying upon the execution of this contract ; that Fisher treated the contract as a valid one in his lifetime, and was willing and intended to reduce the

same to writing, but was prevented from doing so by death; that the full amount of the purchase money, with interest, has been paid by the defendant to the administrator of the estate, who has accounted for and paid over the same on the settlement of his administration. A more cogent case, or one more strongly appealing to the favorable consideration of a court of equity, cannot well be imagined. For if the parol agreement to convey the land is now to be held void at law and equity, after the defendant has taken possession of the premises, or continued in possession of them, with the full knowledge and consent of Fisher, and has made valuable improvements thereon, in the confidence of the due completion of the contract, then the defendant will not only lose his improvements, but will be compelled to account for the profits of the land already paid for by him. It would certainly be a great hardship upon the defendant, if any rigorous principle of law should operate to produce these results. But we think the defendant can invoke that rule of courts of equity which will specifically enforce the performance of a parol contract for the sale of real estate, when it will be a fraud upon him, unless this is done. The contract has been partly executed, and within the doctrine of cases decided by this court, should be fully performed. *School District No. 3 vs. Macloon,* 4 Wis., 79; *Blanchard vs. McDougal,* 6 Wis., 167.

For these reasons, we think the judgment of the circuit court must be affirmed, with costs.