## Oliver, Adm'r, v. Depew, Guardian, &c.

1. Insufficiency of Allegation. When a fact is alleged in a pleading in a manner subject to demurrer or a motion for a more specific statement, it does not necessarily follow that the adverse party can take advantage of such insufficiency by objection to the admission of evidence offered to sustain such allegation.

2. Same: conclusion of law. Where an answer filed in an action on a promissory note alleged, "that the plaintiff is not the owner of said note, but that it belongs to the wards of " J. M. S., it was held an allegation of fact, and not a conclusion of law.

3. Questions not presented below. The Supreme Court will not consider objections to the admission of evidence in the trial of a cause, when the record does not show that such objections were presented to, and were passed upon by, the Court below.

4. Record of evidence. The Supreme Court will not reverse a judgment upon the ruling of the Court below, as to the competency of a witness where the record does not show that his evidence was material or prejudicial to the appellant.

5. Admission of record. The Supreme Court will not consider an objection to the admission of a record in evidence, where the record to which the objection is offered is not set out.

6. Basis of instruction. An instruction which is correct as an abstract proposition, should be refused by the Court when not supported by the evidence in the case.

*Appeal from Polk District Court.*

WEDNESDAY, APRIL 8.

PLAINTIFF sues upon a note made to the decedent, Samuel C. Oliver, or bearer. The decedent was, at the time of the execution of the note, the husband of Ruth, who had been the widow of Lewis Barlow. Townsend, one of the original defendants (who departed this life since the trial below, and who is succeeded as guardian by the defendant, Depew), was the guardian of the heirs of Lewis Barlow, and signed the note in that capacity, the defendant, John Barlow, signing it in his individual capacity. The note was given in part payment for the dower interest of the said Ruth, in the estate of her husband, Lewis Barlow, the purchase being made by the heirs of the said Lewis. Ruth died before the institution of this suit.

The defendants, after denying specifically all the allegations of the petition, aver, for further answer, that the plaintiff is not the owner of said note, but that it belongs to the wards of John M. Townsend.

Trial and verdict for the defendants and plaintiffs appeal.

*Phillips & Phillips* for the appellant.

The averments of the answer were not sufficient to authorize the admission of the evidence offered by the defendant. Rev. 1860, §§ 2925, 2942–2945, 2953; *Russell* v. *Clapp*, 4 How. Pr. R., 347; *Seeley* v. *Engell*, 17 Barb., 530; *McMurray et al.* v. *Gifford*, 5 How. Pr., 14; *Baker* v. *Bailey*, 16 Barb., 54; *Tompkins* v. *Acer*, 10 How. Pr., 309; *Adams* v. *Holley*, 12 Id., 326; *Field* v. *The Mayor*, 2 Selden, 179. Townsend was not competent as a witness. Rev. 1860, § 3982.

*C. C. Cole* for the appellee.

WRIGHT, J.— The note sued on was made payable to the husband, Samuel C. Oliver, or bearer. The testimony tends to show, however, that if it was delivered to the wife, the owner of the dower interest. It is conceded, in effect, by counsel for appellant, that if it was so delivered, and not reduced to possession by the husband during the lifetime of the wife, it would descend to and become the property of her heirs, and not the individual property of the husband, though after her death he obtained possession of the same. And in like manner it is conceded by appellees that the note upon its face shows *prima facie* ownership in the husband, but it is claimed that if it was delivered to the wife, as bearer, with the knowledge and consent of the husband, such delivery vested the title in the wife.

Thus far, therefore, there is not much, if any, disagreement. The contested points arise upon the pleadings, the evidence offered thereunder, and certain instructions given and refused, based thereon. Plaintiff objected to all evidence tending to show that the note belonged to the wards of Townsend, upon the grounds: 1. That the answer only sets up a conclusion of law, and that there is no "averment of facts upon which defendants expect to prove title in the wards of Townsend." 2. The answer presents no facts upon which issue could be joined. 3. The evidence takes plaintiff by surprise. 4. The evidence is irrelevant to the issue joined.

There was no objection to the sufficiency of this answer before the trial commenced. If the portion of the answer now objected to was obnoxious to a demurrer, or a motion for greater particularity, it would by no means follow that the same objections could be made upon the trial. This answer is not "a mere denial of the allegations" of the petition. If it was, then, by § 2944 of the Revision of 1860, no evidence could be received except such as tended to negative plaintiff's allegations, or some proposition of

Oliver v. Depew.

fact, as contradistinguished from one of law, which the plaintiff was bound to prove in order to maintain his action. The defendants, after answering in denial, present a fact, in such a manner, as that the point in dispute (so far as based upon that fact) could be easily and clearly perceived. The fact relied on is certainly specially pleaded. Whether with sufficient particularity is something with which we now have nothing to do, nor is the answer a mere statement of a legal conclusion. It is as much a statement of fact (and the fact, and not the evidence which supports it, is what is required), as any matter, though informally stated, which shows the illegality or original invalidity of the note, or a release, payment, previous judgment, or the like. Plaintiff's objections to the offered testimony, were, therefore, properly overruled. And the instructions asked upon the same view of the law and construction of the pleadings were properly refused.

II. The point that Townsend was not a competent witness to speak of matters transpiring in the lifetime of decedent, Samuel C. Oliver, is not considered by us. 1st. Because, by one bill of exceptions, the objections to the testimony were put upon the grounds above stated, and no question was made under § 3982 of the Revision of 1860. 2d. This bill of exceptions does not state what the witness testified to, whether his testimony was material, or in the least degree prejudicial to the cause of plaintiff. 3d. By the other bill of exceptions, it appears that the testimony was received without objection.

III. It is objected also that a certain record of a cause between these heirs and the plaintiff, tried at a previous term of Court, was irrelevant and tended to mislead and confuse the jury. In the bill of exceptions, where this objection is made, no such record or papers are found, and what was their relevancy or effect we cannot say. The other bill of exceptions contains what purports to be a part of

the objectionable record, but this was read without objection, and aids rather than injures the plaintiff's cause.

IV. The tenth instruction asked and refused, was based upon a state of case not supported by the testimony. A proposition abstractly correct, is properly refused where there is no basis for it in the case made by the proof.

V. The main fact in the controversy in this case, was whether the note was the property and in possession of the wife of the payee, and the mother of the children (the wards of the defendant, Townsend), at the time of her death, and, as such, became the property of the children, or whether it belonged to the husband. The jury found against the plaintiff upon the testimony, and with their verdict we see no good reason for interfering.

Affirmed.