## CRAWFORD v. WOLF, CARPENTER & ANGLE.

1. **Demurrer:** WAIVER OF. The right to insist upon the erroneous action of the court in overruling a demurrer to the petition is waived by answering over.

2. **Contract:** ASSIGNMENT OF: EVIDENCE. The fact that an assignment to a third party of a contract for the performance, by the assignor of labor requiring skill and proficiency, was made and acted under with the permission of the party for whom the labor was to be performed, may be properly established by facts and circumstances showing his assent thereto; and evidence of facts *tending* to show such assent is admissible.

3. **Evidence:** ESTOPPEL OF PARTY OBJECTING. A party cannot complain of the admission of evidence under a rule adopted by the

Crawford v. Wolf, Carpenter & Angle.

court claimed to be erroneous, when such rule was adopted at the instance or upon the suggestion of the party complaining.

4. —— OPINION OF EXPERTS: HYPOTHETICAL FACTS. The opinion of a witness as to the amount and value of labor; based upon a given state of facts, and his personal knowledge to some extent, of the work done, is admissible where the witness is skilled and experienced in the character of the labor in queston.

5. **Practice :** ERROR WITHOUT PREJUDICE. Objections not made to the admission of evidence when offered in the court below will not be considered on appeal. Nor will mere irregularities which are not shown to have prejudiced the party complaining operate to reverse the judgment.

6. **Contract:** FOR GRADING RAILROAD: CONDITIONS. Where a contract for the grading of a railroad provided that the engineer should in all cases determine the amount and classification of work done, that all work should be done to his satisfaction that he should decide every question that might arise relative to the proper understanding of the contract, and that his decision should be conclusive and binding upon the parties, it was *held*, where the contractors for whom the work was performed and the engineer refused to take estimates, that other party might have the work estimated by an engineer employed by him for that purpose, and that his evidence in respect thereto was admissible, for the purpose of showing the amount of work done, in an action to recover therefor.

7. **New trial :** CONFLICTING EVIDENCE. It is the peculiar province of the jury to elicit the truth from contradictory and conflicting testimony, and the action of the court below, in such case, in overruling a motion for a new trial, based upon the ground that the verdict is contrary to the evidence, will not be disturbed. unless the verdict is clearly against the weight of testimony.

*Appeal from Union Circuit Court.*

THURSDAY, OCTOBER 6.

ACTION at law.    The petition avers that defendants entered into a written contract with one Carroll, employing him to grade a certain section of the Burlington and Missouri River Railroad in Adams county.    The railroad was then being built through that county, and defendants were the principal contractors, and let said portion of the

Crawford v. Wolf, Carpenter & Angle.

road to Carroll, as a subcontractor. The petition sets out the covenants of the contract, as to price of the work, etc., and avers that it was entered into in September, 1868. It avers, that, in the same month, Carroll assigned by writing one half of his interest in the contract to Hardesty, and formed a copartnership with him to do the work, under the style of Carroll & Co.; that the firm performed a large amount of work, and Carroll, having received the monthly estimate therefor, absconded : that Hardesty continued the work and was recognized by defendants as the assignee of Carroll; that Hardesty entered into a contract with plaintiff for himself and the firm of Carroll & Co., with the knowledge and consent of defendants, for the completion of the work; that plaintiff incurred great expenses in preparation for the work, performed a large amount of grading, and sublet parts of the work to others : the defendants refused to pay plaintiffs for the work, and relet the unfinished part to another person, thereby preventing plaintiff from completing it. Plaintiff claims to recover damage for and on account of the loss of the profits and pay for work done by himself and his assignor, and also for expenses incurred in causing estimates to be made of the work done, which defendants were bound to do, but refused to perform according to their contract. Recovery is also claimed for work done, for which false estimates were made by defendants, whereby it was made to appear that a less amount was done than was really completed by plaintiff's assignor.

The answer by defendants admits the contract with Carroll, but denies all other allegations of the petition, and avers that whatever work was done by Hardesty was done under another and different contract than the one set out in the petition.

There was a verdict and judgment for plaintiff. Defendants appeal.

*Gregory & Rowell* and *Hendershot & Burton* for the appellants.

*Frank M. Davis* for the appellee.

BECK, J. — We will notice the objection made to the rulings of the circuit court in the order they are presented in the assignment of errors.

I. A demurrer to plaintiff's petition, it is insisted, was erroneously overruled. We need notice this point no 

**1. DEMURRER: waiver of** — further than to state, that, after the demurrer was overruled, defendants answered the petition, thus waiving any objection that they otherwise might have well maintained to the ruling of the court.

II. Upon the examination of Hardesty, as a witness for plaintiff, he asked to state certain acts of defend-

**2. CONTRACT: assignment of: evidence.** — ants, whereby they had shown a knowledge and consent to his becoming a party to the contract by the assignment to him by Carroll. This question was objected to by defendants, but the objection was overruled ; and the answer of the witness in response thereto, contained material facts upon the point sought to be established by the interrogatory. The objection made by defendants' counsel in this court to the ruling of the court below in the admission of this evidence is this ; " a party cannot become inducted into an executory contract, requiring labor, judgment and skill in the execution thereof, and hold another to express covenants, without the full assent of mind, each with each, to every condition precedent ; and any knowledge that defendants might have of a contract between Carroll and Hardesty could not create a contract between Hardesty and defendants." We think that this proposition may be admitted, and yet

it by no means conflicts with the ruling objected to, which it is announced to overthrow. It leaves out of view the fact that the evidence elicited by the question, not only tended to show defendants' knowledge of the assignment of Carroll to Hardesty, but their *assent* thereto. Most surely, if, by the assignment, Hardesty become a copartner of Carroll in the work and a party to the contract, *with the assent of defendants*, they would be precluded from denying, afterward, his interest and rights therein, when the contract is attempted to be enforced against them. The proposition need not be discussed, that Hardesty could become a party to the contract by the assent of the defendants; that assent the court properly permitted the plaintiff to prove.

III. A witness, Lomax, who was acquainted with the business of building railroads, who had been a contractor **3. EVIDENCE:** of that kind of work at different times for estoppel of party objecting. seventeen years, and who was a contractor upon the same road to which the contract in question related, and had been upon the section covered by the contract, was permitted, against defendants' objections, to testify in response to the following questions : " State the cost of making excavations, and profits on embankment at thirty-two cents per cubic yard ; for embankment under the following supposed state of facts, *and as you saw* on section twenty-eight, at prices of labor in fall, winter and spring of 1868 and 1869 ; excavation 13,848 cubic yards, ordinary soil and yellow clay. Depth of excavation from one to twelve feet ; can be plowed in the bottom with four horses. Second embankment, 23,640 cubic yards, from one to nine feet high, gradually ascending, dirt borrowed on the side of the black soil and clay, or removed from excavation pit at discretion of contractor, and placed in railroad track bed." The objection to this evidence were upon the grounds that plaintiff seeks thereby

to recover profits upon the whole amount of embankment, when he claims in his petition profits only upon certain parts, and that he seeks to prove profits by the opinion of the witness upon a hypothetical state of facts.

We will consider the first objection to the admissibility of this evidence. To plaintiff's petition is attached an exhibit setting out the amount and value of work done under the contract, the amount of money expended for service of engineers, and a statement of the profits claimed on the work not done. This statement specifies the stations upon which no work had been done and for which profits were claimed, and sets out the amount of work — number of cubic yards of earth — in the stations, naming several, together with the amount of profits claimed on the stations so named. By the term *station*, we understand, is meant a part of the section—one hundred feet. The account credits defendants with the money paid to Carroll & Hardesty. This exhibit is referred to in the petition as containing a statement of the items of plaintiff's claim.

In the examination of plaintiff, who was introduced as a witness before Lomax testified, his counsel proposed to prove by him the items of damage as set out in the exhibit above mentioned, and asked certain questions with that view. Defendants objected to the evidence thus offered ; the objection was sustained, and thereupon the court, in the language of the record, "announced as a rule in this case that plaintiff must limit his evidence to general damage on the whole contract, and could not divide up the several parts of the work as set out in the bill of particulars."

This ruling was made upon motion of defendants. So far as it is applicable to the evidence of the witness under consideration, defendants cannot now object to it. The objection under consideration, as we understand it,

Crawford v. Wolf, Carpenter & Angle.

is not so much directed at the form of the evidence as its effect, the defendant claiming that the profits upon the work which was completed and paid for were thus included in the witness' evidence, and went to the jury as the amount plaintiff was entitled to recover. We cannot suppose that the court and counsel for defendants understood the ruling above stated to have the effect of permitting the plaintiffs to recover for the profits of the work completed and paid for. We do not conceive that the evidence admitted was the foundation of any such conclusion on the part of the jury. It was clearly understood that a part of the work had been finished and paid for ; the amount so completed was stated by one or more of the witnesses. The jury, as we believe, could not have understood that plaintiff claimed profits except on the work which defendants prevented him from doing. The evidence of the witness is such that the jury could have calculated plaintiff's profits on the unfinished work ; he states them at a certain sum per cubic yard. The number of yards completed and the number to be done by plaintiff under the contract appear in the evidence. But it is argued that the profits upon the work to be done would not be proportionally as great as upon that completed, and for that reason the evidence was objectionable. We do not know that this view is sustained by the facts, neither can we say that the jury had not in the evidence sufficient data upon which to base an estimate that would allow for such a difference, if in fact it existed. But all these objections may be, as already intimated, assumed by the statement of the fact that the evidence was admitted under a rule adopted by the court under defendant's motion. It is, so to speak, a rule of defendant's own making ; he cannot now be heard to object to it or complain of its evil effect.

The second objection to this evidence cannot be sus-

tained.   The witness was in some degree acquainted with the section covered by the contract ; he had experience in prosecuting such work, and had done work upon the same road.   His estimates of profits are based upon his knowledge of the facts, and not solely on his opinions drawn from the hypothetical statement, as we clearly gather from his evidence.   As the profits depended upon the amount of work, number of yards of excavation and embankment, character of the ground, etc., etc., it was proper that these be taken into consideration in making an estimate of the cost of the work.   We see no objection to these facts being stated to the witness, thus enabling him to apply his practical knowledge to the questions he was required to answer.

*4. —— opinion of experts : hypothetical facts.*

Another objection to this evidence is raised for the first time in this court.   It is this : In the supposed statement of facts upon which the witness was required to make his estimates of profits, it is considered that dirt for the embankment may be borrowed or taken from the excavation at the discretion of the contractor. The contract provides that dirt may be borrowed only with the consent of the defendants or the engineer of the road. It is claimed that in this respect the statement upon which the witness made his estimates differs materially from the facts of the case.   The objection cannot be sustained, for two reasons :  1. The objection was not made to the court below when the evidence was offered : the objections made were on other grounds.   *Oliver* v. *Depew*, 14 Iowa, 490 ; *Boardman* v. *Beckwith*, 18 id. 292.   2. It was not shown at the trial, by evidence or otherwise, that the alleged difference between the supposed and actual facts in any manner changed the results of the witness' estimate, or in the least degree affected prejudicially defendant's rights ; neither does it so appear to us

5. PRACTICE : error without prejudice.

from the record. *Oliver* v. *Depew, supra*; *Campbell* v. *Chamberlain*, 10 Iowa, 337.

IV. The plaintiff, after the work had been let to another, employed an engineer, Pelton, to make estimates

6. CONTRACT: for grading railroad : conditions.

of the embankment and excavation already completed or to be done. The deposition of this engineer as to these estimates was read in evidence, against defendants' objection. The ground of the objection is, that, under the contract, all differences between the parties as to the amount and character of the work are to be determined by the chief engineer of the railroad company. It is therefore insisted that the evidence of Pelton was inadmissible, and the engineer of the company could alone be called upon to establish the amount and character of the work. The clause of the contract relied upon in support of defendant's objection is in the following words: "To prevent all disputes, it is hereby mutually agreed that the said chief engineer shall, in all cases, determine the amount, as well as the proper classification, of work done; that all work must be done to his satisfaction and acceptance ; that he shall decide every question that may arise relative to the proper understanding of this contract, and his decision shall be final and conclusive, and both parties shall and will be bound by it."

The petition alleges that defendants refused to take estimates of the work, and caused to be made false estimates of the work done by Carroll & Hardesty, and that plaintiff demanded of the engineer estimates of parts of the work, and of the whole work, which was refused. There is evidence on the part of the plaintiff tending to prove these allegations of the petition. It will also be remembered that defendants relet the work, and deny plaintiff's rights under the contract, declining to recognize him as a party thereto, thus utterly refusing to observe

its stipulations.    In view of these circumstances they cannot claim protection under the clause above quoted. The unreasonable refusal of the engineer to make the estimates, and that of defendants' to recognize the contract, were sufficient to authorize plaintiff to have the work measured by another competent person, and to establish by his evidence the result of such measurement upon the trial.    This view is strengthened by the fact that an issue as to the fraudulent character of the estimates for the work done is made in the pleadings.    *Carroll's Trustees* v. *Lynch*, 5 Gilm. 521.

V. It is insisted that the verdict of the jury is contrary to the evidence and against the instructions given by the court. This objection is elaborately argued by defendant's counsel.    Upon a careful examination of the evidence contained in the record, we are unable to say that the verdict is not supported thereby, and is not in harmony with the law as announced in the instructions, to which no objections are made. There is conflict in the evidence.    It is the peculiar duty of the jury to extract truth from such contradictory testimony, and unless we are convinced that the verdict falls short of an honest and sound exercise of judgment in the discharge of that duty we cannot disturb it.    We are unable to arrive at that conclusion in this case.

6. NEW TRIAL: conflicting evidence.

Having noticed carefully all the objections raised in the assignment of errors and presented in argument, we are of the opinion that there is no error in the record. The judgment of the circuit court is therefore

Affirmed.