. DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF NEVADA.

## JULY TERM, 1872.

## AARON D. TREADWAY, RESPONDENT, v. JONAS WILDER, APPELLANT.

OBJECTIONS TO DEFECTIVE PLEADING—WHEN AND HOW TO BE TAKEN. Where a party relying upon a pre-emption right pleaded the facts giving such right so defectively that a demurrer to it would clearly have been sustained; but the opposite party, instead of demurring, made up an issue as of fact on such pleading, and on the trial objected to proof of the facts on the ground of insufficiency of the plea: *Held*, that the practice of making up an issue as of fact in this way and then attempting to take advantage of the unwary pleader, by motion or objection on the trial, was reprehensible, and that the exclusion of the evidence offered under such circumstances was error.

TECHNICAL DEFECTS OF PLEADING—OPPORTUNITY TO AMEND TO BE AFFORDED— SPIRIT OF THE CODE. When a pleading contains a defective statement of a cause of action, as distinguished from a statement of a defective cause of action, the defect, if relied on by the opposite party, should be pointed out by demurrer so as to afford an opportunity to amend—neither the spirit of the code nor properly speaking its practice allowing a substantial right to be cut off by a mere technical judgment without giving such an opportunity.

CONTRACTS BETWEEN PRE-EMPTIONERS—RULE IN ROSE v. TREADWAY, 4 NEV. 455. The rule announced in *Rose* v. *Treadway*, 4 Nev. 455—to the effect that a contract, by which one party entitled to pre-empt certain land agrees to make no claim in consideration of which the other party agrees to pre-empt a larger tract and after obtaining title to convey the smaller tract to the first party, is neither in contravention of the pre-emption laws nor within the statute of frauds—may be considered to have become a rule of property in this State.

EFFECT OF DEED UNDER CONGRESSIONAL TOWN-SITE ACT. It seems that a deed
made by a trustee purporting to act under the law of congress of May 23, 1844,
providing for the disposition of town-sites to the occupants is not conclusive in its
effect; and if given to one not an occupant or having the right of occupancy as
contemplated, that fact may be shown and the deed in such case will fall, as abso-
lutely void and of no effect.

DEFENSE TO EJECTMENT ON TOWN-SITE TRUSTEE'S DEED. Though an occupant of
a town lot, by neglecting to present his claim in accordance with the statute re-
lating to town-sites, may be barred of the "right of claiming or recovering such
land or any interest or estate therein," (Stats. 1866, 54, Sec. 4) there is nothing
to prevent him from showing, in defense to an ejectment by a person who pro-
cures a deed, that such plaintiff has no title and from thus protecting his possession.

APPEAL from the District Court of the Second Judicial
District, Ormsby County.

This was an action of ejectment for a lot of about four
acres of land on Minnesota Street in Carson City. The cause
was tried before a jury, which rendered a general verdict for
plaintiff and a special verdict that defendant by himself and
tenants had been in the possession and occupancy of the
land ever since May 10, 1866—which appears to have been
the date of the patent of the United States to Judge S. H.
Wright, as trustee for the town-site of Carson City. The
facts more especially bearing upon the points decided are
stated in the opinion.

There having been a judgment for plaintiff, the defendant
appealed.

*T. W. W. Davies,* for Appellant.

I.   Defendant proved that he and his grantors had been
in the occupancy and possession of the land described in
the complaint since 1859; and that since 1861 he had con-
tinuously resided on it with his family, having his dwelling-
house thereon and cultivating the ground. He then offered
to prove that a portion of the land described in the com-
plaint was embraced in a forty acre tract, partly occupied
by himself and partly by plaintiff; that he and plaintiff, each
having the qualifications of pre-emptioners, entered into an
agreement by which defendant was to suffer plaintiff to pre-
empt, who, in consideration of the defendant's desisting

Treadway v. Wilder.

from contesting his right, was after obtaining the title to deed to defendant so much of said forty acres as was situated within his enclosure upon the payment of a proportional part of the expenses. The plaintiff objected to the introduction of any testimony as to the verbal contract on the ground that, if entered into, it was in contravention of the pre-emption laws and within the statute of frauds. The court below excluded the testimony and in doing so, as we contend, committed error.

The relinquishment of his right of pre-emption, the forbearing to put plaintiff to the expense of a contest in the land office, and the promise to pay money, very far remove the contract from the *nudum pactum* contended for by plaintiff. *Lohler* v. *Folsom*, 1 Cal. 207; *Stafford* v. *Lick*, 7 Cal. 490; 13 Wis. 321; 16 Wis. 140; 16 Wis. 202; 27 Ill. 93. The statute of frauds will never, in equity, be allowed to operate as a protection to fraud; and for the purpose of showing that a fraud had been committed, or is being attempted, parol evidence will be admitted, even against the words of the statute. *Hidden* v. *Jordan*, 21 Cal. 92.

As to the pre-emption laws, no act of congress was violated by such agreement. When, by an agreement between settlers, each secures the precise lands that he has occupied, cultivated, and improved, the object of the pre-emption laws of congress is attained; and if, under such agreement, one acquires the legal title for another's land, a trust results which a court of equity will enforce. *Rose* v. *Treadway*, 4 Nev. 459; *McCoy* v. *Hughes*, 1 Iowa, (Greene) 371; *Brooks* v. *Ellis*, 3 Iowa, (Greene) 258; *Snow* v. *Flannery*, 10 Iowa, 318; *Fischer* v. *Morlick*, 13 Wis. 321; *Stephenson* v. *Smith*, 7 Mo. 619; *Groves's Heirs* v. *Fulsome et al.*, 16 Mo. 549; *Douglas* v. *Wiley*, 15 Ill. 576; *Franklin* v. *McFlynn*, 23 Ill. 91.

II. The court below erred in awarding the land described in the deed of S. H. Wright to A. D. Treadway to plaintiff, the proof being that at the time of the execution of said deed (January 9, 1867) defendant was occupying it, residing in a dwelling-house thereon with his family, having the same enclosed by a substantial fence under cultivation and

with improvements thereon worth $3000; and that plaintiff had no interest in nor claim upon said land, had never owned or occupied the same or any part thereof, and was never authorized by the defendant, the occupant, to purchase said land from the trustee, S. H. Wright. The act of congress under which that deed purports to derive its efficacy provides that the entry of town-sites shall be "in trust for the several use and benefit of the *occupants* thereof, according to their respective interests." The law recognizes no other proprietors except actual occupants; and the land department at Washington will not recognize or protect claims or interests of any other persons than occupants. 1 Lester L. L., 441, 436, 737; 2 Lester L. L., 312. The act of congress itself provides that any act of the trustees not made in conformity to the rules and regulations shall be void and of none effect. 5 U. S. Stats. at Large, 567. The deed to plaintiff was therefore not issued in conformity to law, was a fraud upon the rights of the public and of defendant in disposing of said land without offering it for sale to the highest bidder; and under the act of congress it was "void and of none effect."

III. The action of ejectment is a possessory action. It was shown by the evidence that the defendant has been in the possession of the land since 1859, and he is now entitled at least to the possession. Brief of Ellis & Sawyer, Point III, *Rose* v. *Treadway*, 4 Nev. 456.

*Ellis & King*, for Respondent.

I. The answer does not set up any valid defense to the action. It fails to allege that defendant was in a position and possessed the requisite qualifications, at the time of the alleged contract, to pre-empt the land. Unless he was a qualified pre-emptioner under the law of 1841, he was not in a position to exact from, or take advantage of, any promise of plaintiff to convey after patent.

II. The statute of frauds clearly applied unless a trust was raised by implication at law. But as the defendant was

not qualified as a pre-emptioner, he has not been placed in any worse position by the failure of plaintiff to convey than he would have been had plaintiff not agreed to convey.   The contract was entirely a *nudum pactum*, utterly without consideration, unless defendant was not only a qualified pre-emptioner but so situated with reference to the land in question that he could pre-empt it.

III.   As neither ultimate nor probative facts were stated in the answer, there was no error in excluding the proffered testimony, especially when the proffer fell short of the answer.

IV.   As to the deed from Judge Wright, our position is that as defendant failed to present his statement in writing to the district judge, he is barred from asserting any claim to the land, in virtue of his occupancy, that fact alone not giving him the right to the deed.   Stats. 1866, 54, Sec. 4. The deed is conclusive unless obtained by fraud, and of that there is no allegation.

By the Court, WHITMAN, J. :

To respondent's complaint, in an action for the recovery of real property, appellant pleaded, or attempted to plead, an equitable defense and prayed equitable relief.   The respondent relied upon two muniments of title for recovery. For a portion of the land, (what portion is not shown by the transcript,) he presented a patent from the United States; for the residue, a deed made by Judge S. H. Wright, acting as trustee under a statute of this State purporting to be passed in accordance with the " act for the relief of citizens of towns upon lands of the United States, under certain circumstances," approved May 23, 1844.

With regard to the patent appellant pleaded thus: " Defendant further answering avers that the balance of said tract of land was, at the time it was purchased and first occupied by the defendant, government land of the United States, and that on the —— day of —— 1866, said plaintiff wrongfully and unlawfully pre-empted the tract of land,

including the premises described in the complaint, and has wrongfully and unlawfully received a patent from the government of the United States for the same. That at the time said plaintiff made the application to pre-empt said tract of land, said defendant was residing upon and had the improvements upon and was cultivating the tract of land described in the complaint as aforesaid; and that the same was pre-empted against the right and interest of this defendant. Defendant avers that prior to and since the pre-emption of said tract of land by plaintiff as aforesaid, said plaintiff, for and in consideration of the rights of the defendant in and to the same, promised and agreed, upon the obtaining of the patent from the government of the United States, to deed to the said defendant that portion of said land described in the complaint, upon the payment by the defendant what the same cost, to wit: one dollar and twenty-five cents per acre; and for the further consideration for the deed from plaintiff to the defendant, that the defendant would not contest with the plaintiff the right to pre-empt said tract of land—the defendant, under the law of the United States, having the legal right to pre-empt the same. And for the agreement and promises as aforesaid, the defendant did not contest with said plaintiff for the pre-emption right to the same, but allowed the plaintiff to pre-empt the same. Defendant further avers that on or about the 28th day of March, A.D. 1870, he tendered to the said plaintiff twenty dollars in gold coin of the United States, and demanded of the plaintiff a deed for the tract of land as described in the complaint, and that said plaintiff did then and has ever since and does now neglect and refuse to deed to the defendant said tract of land; said sum of twenty dollars being more than sufficient to pay for said land and all expense of making deed to the same; that said money tendered as aforesaid has always been ready for said plaintiff and is brought into court to be paid to the said plaintiff upon the making of the deed as aforesaid."

Evidence was offered in support of this plea, which upon objection of respondent was excluded. The plea is alleged

Treadway v. Wilder.

to be insufficient, because it does not state the facts which it would be necessary to prove to constitute one a pre-emptioner.

It has been held in California that one who relies upon a pre-emption must plead the facts giving the right. *People* v. *Jackson et al.*, 24 Cal. 630; but this was after demurrer and refusal to amend. This court has reproved the practice of making up issues as if of fact, and then attempting to take the advantage of the unwary pleader by motion or objection on trial. *Cal. State Tel. Co.* v. *Patterson*, 1 Nev. 151.

This case comes fairly within the reason of that last cited, admitting the pleading to be radically defective; but it will be seen upon comparison to differ from the California case in this, that here some of the constituent facts underlying the right to pre-empt are stated; *i. e.*, residence and improvement; so it falls within the rule governing what is called a defective statement of a cause of action, as distinguished from a statement of a defective cause of action. There is in the portion of the pleading before quoted, an attempt to set up a cause of action, which if properly pleaded and proven might have entitled the appellant to the relief claimed. Upon demurrer the pleading would have been held bad, but the defect pointed out could have been remedied by amendment. No such opportunity was given, and a technical judgment may have cut off a substantial right; such is not the spirit of the code, nor, when properly interpreted, its practice. *Masten et al.* v. *Marlow et al.*, 65 N. C. 696; *White* v. *Spencer*, 14 N. Y. 247; *Brown* v. *Richardson*, 20 N. Y. 472; *Oliver* v. *Depew*, 14 Iowa, 490.

The evidence offered should have been received unless objectionable otherwise; and this brings up the second objection thereto, that it tended to sustain a contract within the statute of frauds and opposed to federal legislation. As to the latter proposition, the contrary has been held in this State and may properly be considered to have become a rule of property, of which it should be said *stet. Rose* v. *Treadway*, 4 Nev. 455. Upon either point or both, the weight of authority is against respondent. *Hidden* v. *Jordan*,

21 Cal. 92; *McCoy* v. *Hughes*, 1 Iowa, (Greene) 371; *Brooks* v. *Ellis*, 3 Iowa, (Greene) 258; *Snow* v. *Flannery*, 10 Iowa, 318; *Fischer* v. *Morlick*, 13 Wis. 321; *Stephenson* v. *Smith*, 7 Mo. 619; *Groves's Heirs* v. *Fulsome et al.*, 16 Mo. 549.

With reference to the error assigned, or rather attempted to be assigned, to the action of the court upon the other branch of respondent's title, nothing authoritative can be decided, because the record does not properly present the question; but as the case will probaby be retried, it may not be amiss to say that it would seem that the deed of the trustee is not conclusive. If not given to an occupant or one having the right of occupancy, that fact may be shown; and then the deed falls, as absolutely "void and of no effect." The federal statute of 1844, under which the trustee purports to have acted in this instance, provides for the disposition of town-sites to "occupants" by a trustee or trustees acting under rules to be established by the proper legislature; also, "that any act of said trustees not made in conformity to the rules and regulations herein alluded to shall be void and of none effect."

The statute containing the rules and regulations applicable here says that the property shall be deeded by lot, block, share, or parcel " to the person or persons who shall have, possess, or be entitled to the possession or occupancy thereof, according to his, her, or their several and respective right or interest in the same, as they existed in law or equity at the time of such entry of such lands, or to his, her, or their heirs or assigns." Stats. 1866, p. 54, Sec. 2. It is further ordered that lands not so deeded shall be sold at public auction, and the proceeds devoted to certain purposes. If, then, respondent was neither an occupant, nor had the right of occupancy, he was not entitled to receive a deed from the trustee, and the same was " void and of none effect," as having been made contrary to the rules and regulations by the legislature established. This the appellant would have the right to prove; though not to put title in himself as the real occupant entitled to the deed of the trustee, for he is barred of all right by section fourth of

the act, he having presented no statement of claim within the specified time; the act, as to such neglect, reading, "and all persons failing to sign and deliver such statement within the time specified in this section shall be forever barred the right of claiming or recovering such lands, or any interest or estate therein, or in any part, parcel, or share thereof, in any court of law or equity."

But although so barred, the proof would be competent to show that respondent has no title, in which case he must fail of recovery for the land described in the trustee's deed, as that must be had not upon the weakness of appellant's but upon the strength of his own title. He relies in this case upon strict title. If in any manner it can be shown that such has no existence, that fact inures to the protection of appellant in peaceable possession, though it may not show any affirmative right or title in him.

The judgment is reversed and the cause remanded for a new trial.

By GARBER, J., specially concurring:

I concur in the judgment and in the opinion of Judge Whitman, in so far as it maintains the admissibility of the testimony excluded. To what he has said, it may be added that the pleading was so framed as to show the nature of the particular facts intended to be proved. Consequently, the plaintiff can not say that he was surprised by a case which he could not be prepared to meet. Mitford's Ch. Pl. p. 46, (note i.); 2 Y. & J. 67; 3 Greenleaf's Ev. p. 359–60. As to the conclusiveness of the deed of Wright, trustee, I have not investigated that question.