[No. 1,057.]

## A. D. TREADWAY, RESPONDENT, *v.* JONAS WILDER, APPELLANT.

FINDINGS OF JURY UPON SPECIAL ISSUES—PRESUMPTIONS.—Where an equitable defense is raised and a jury is called "to aid the court in its findings of fact" upon certain special issues stated: *Held*, that it will be inferred that all other questions of fact were reserved for the consideration of the court without the aid of the jury.

PAROL AGREEMENT TO CONVEY LAND—WHEN EVIDENCE TO PROVE IS IRRELEVANT—PURCHASE OF TREES AND SHRUBS.—Defendant sought to prove a parol agreement upon the part of plaintiff to convey certain lands upon the issuance to him of a patent, and, for that purpose, offered to show that while he was in possession of the land the plaintiff purchased from him some fruit-trees and shrubs growing upon the land and caused them to be removed therefrom: *Held*, that this evidence was disconnected with the question relative to the agreement; that it did not tend to establish its existence, and that it was properly refused.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

*N. Söderberg*, for Appellant:

I. All the essential facts must be found by a special verdict in order to enable the court to give a judgment of law upon the matter in issue. (Proffatt on Jury Trial, secs. 436, 437; *Rex* v. *Plummer*, 12 Mod. 628; *Lodge* v. *Jennings*, Gilbert's Eq. 255.)

II. The findings do not support the judgment. The issues made by the answer were material. Upon most of them the findings are silent. (*Davis* v. *Caldwell*, 12 Cal. 125; *Phipps* v. *Harlan*, 53 Id. 83; *Johnson* v. *Squires*, Id. 37; *Shaw* v. *Wandesforde*, Id. 300.)

III. Every error in the court. below in the rejection of evidence is *prima facie* an injury, and it rests with the other party clearly to show that no harm could have been or was done by the error. (*Jackson* v. *F. R. Water 'Co.*, 14 Cal. 18; *Table M. T. Co.* v. *Stranahan*, 20 Id. 198; *Carpentier* v. *Williamson*, 25 Id. 167; *Norwood* v. *Kenfield*, 30 Id. 393.)

IV. The rejected evidence corresponded with the allegations in the answer, and was confined to one of the points in issue. It was the best circumstantial evidence of which the fact in issue was susceptible. It was relevant, for it conduced to the proof of a pertinent hypothesis in the case. Its tendency was to make one of the propositions at issue probable. (1 Best. on Ev. 2; 1 Whart. on Ev., secs. 20, 21, 27, 45; *Ins. Co.* v. *Weide*, 11 Wall. 438.)

*A. C. Ellis*, for Respondent:

No brief on file.

By the Court, BELKNAP, J.:

This is the fourth appeal in this case. (8 Nev. 91; 9 Id. 67; 12 Id. 108.) The plaintiff acquired the title of the government to the premises on the tenth day of May, 1866. Within five years from this date he brought this action of ejectment. Defendant pleaded an equitable defense, to the effect, that at the time proceedings were instituted by plaintiff to acquire the patent defendant was the owner of the possessory right to the premises and entitled to preempt the same; that in consideration of these facts, and of· his agreeing to pay plaintiff the proportionate share of the expenses of acquiring title to a tract of land, of which the premises in controversy were parcel, and interposing no objection to the application for patent, plaintiff agreed to convey unto defendant upon the issuance of the patent the premises described in the complaint.

The case turned upon the question whether such an agreement had been made, and a jury to whom the interrogatory was submitted answered in the negative. Other special issues, bearing directly upon the alleged agreement, were submitted, but the court instructed the jury that if they should find that the agreement set up in the answer had not been made, it would be unnecessary to answer other interrogatories. Agreeably to the instruction, the jury found no other fact.

- The finding thus made appellant claims is a special verdict of the jury, and as such special verdict is defective in not finding other and further facts sufficient to support the the judgment. The record refutes the theory that the finding of the jury was a special verdict, and shows it to have been a finding upon one particular issue.

. A jury was called at appellant's request, not to try generally the facts at issue, but "to aid the court in its findings of fact" upon certain special issues stated. (Transcript, p. 22.) From this language we must infer that the jury were called to determine only those special issues which were submitted to them, and that all other questions of fact were reserved for the consideration of the court, without the aid of the jury.

The other exception arose upon the exclusion of evidence to prove that after plaintiff had obtained the patent, he purchased from the defendant some fruit-trees and shrubs growing upon the land, and caused them to be removed therefrom. The court sustained an objection to the evidence, upon the ground that it was immaterial under the issues. The only question left in the case was the existence or non-existence of the agreement to convey the premises to appellant. If this evidence tended to prove such an agreement, or constituted a link in the chain of proof, it was material, and should have been received. If, however, the fact sought to be proved by the rejected evidence was incapable of affording any reasonable presumption or inference as to the disputed fact, it was properly excluded. We do not think this evidence would have conduced to establish the existence of the agreement in controversy.

The fact of the purchase by plaintiff of trees and shrubs growing upon the land was so completely disconnected from the question relating to the agreement that the jury should not have been allowed to have inferred the existence of one from proof of the other.

Judgment affirmed.