## HOLENDYKE VS. NEWTON.

*December 7 — December 17, 1880.*

, TRIAL BY COURT OR REFEREE. *(1, 2) General rule as to taking evidence subject to objections.*

EVIDENCE: *(3) Must be relevant to issues made by pleadings.*

1. Where a referee for trial, after ruling that evidence produced by a party is inadmissible, offers to take it subject to the objection, if the party who offered it refuses then to produce it, he *waives* the error, if any, in the ruling.

2. In trials without a jury, where there is any doubt as to the admissibility of evidence, the better practice is for the referee or judge to take it subject to the objection, stating his ruling upon it.

3. Where the defense to a promissory note set up in the answer was merely that *plaintiff*, in ascertaining the balance of an account for lumber, for which the note was given, had, without defendant's knowledge, *charged higher rates* for the lumber than were agreed upon by the parties, there was no error in rejecting evidence that plaintiff had charged for *a greater amount* of lumber than he had delivered, or that the lumber was *inferior in quality* to that required by the contract.

APPEAL from the Circuit Court for *Dodge* County.

The case is thus stated by Mr. Justice TAYLOR:

"This is an action upon a promissory note given by the appellant to the respondent in part payment for lumber sold and delivered by the respondent to the appellant. The appellant admitted the making and delivery of the note, and set up, by way of defense to a part of the note, that it was given in part payment for a bill of lumber, and that respondent had agreed that the appellant should have *the lumber at the same cost price and rate as that received by Marshall Harris* of Henry Butterfield, for a bill of lumber sold by said Harris to said Butterfield; that when he gave the note in question he believed, and was informed by the plaintiff, *that at the same rates and prices paid by the said Butterfield for like quality and material to said Harris*, there was still due and owing to the respondent from the appellant the amount for which the

note was given, when, in truth, under the prices fixed by the said contract, there was a much less sum due, to wit, the sum of $450, and no more. He further alleged, upon information and belief, that the *respondent, by overcharges in his account* for such lumber and material, in violation of his said contract, deceived, etc., the appellant, and induced him to give the note for the sum of $963.28, when in fact and in truth there was due and owing from the appellant to the respondent the sum of $450, and no more, for which sum he tendered judgment in favor of the respondent.

"The case was referred to a referee for trial. On the trial before the referee, the 'appellant offered to prove by a witness that the plaintiff had charged him with about 10,000 feet more lumber than was delivered to him by the plaintiff.' This testimony was objected to by the plaintiff as not being admissible under the answer. The referee sustained the objection, and defendant excepted; and thereupon the referee offered to take the evidence and report it to the circuit court, but the defendant refused to produce it. The defendant also offered to prove by a witness the quality of the lumber furnished by the plaintiff to the defendant, and for which the note was given. This was objected to by the plaintiff for the same reason; the referee sustained the objection, and defendant excepted. The referee also offered to take the testimony offered, and report it to the circuit court, and the defendant refused to produce it. The referee found in favor of the plaintiff for the full amount of the note; and his report and findings were confirmed by the circuit court, and judgment entered accordingly."

The defendant appealed from the judgment.

For the appellant there was a brief by *E. S. Bragg*, his attorney, with *H. E. Connit* of counsel, and oral argument by *Mr. Connit*.

For the respondent there was a brief by *Eli Hooker*, his attorney, with *C. E. Hooker* of counsel, and oral argument by *Eli Hooker*.

Holendyke vs. Newton.

TAYLOR, J. The only errors alleged on this appeal are the rulings of the referee and of the circuit court upon the objections to the evidence offered by the defendant. We think the appellant has lost any right to the benefit of his exceptions to these rulings of the referee, by refusing to produce the evidence when the referee offered to receive the same and report it to the court notwithstanding the objections of the plaintiff.

This court has several times suggested that it was the better practice, in cases tried by a referee or by the court without a jury, to take the evidence offered by either party, although objected to by the adverse party, and although the referee or judge might be of the opinion that the evidence offered was inadmissible; and that such judge or referee should not refuse to take the evidence offered, except in cases clear of doubt. In cases tried by the court or by a referee, there is very little probability of injury resulting to the parties litigant from the reception of evidence which may not be admissible or relevant, subject to the objections of the opposite party. In such cases, if, upon a review of the referee's report by the circuit court, or upon a review of the judgment of the circuit court, such evidence so objected to is found to be admissible and relevant, the party offering the same will have the same benefit of it as if it had been considered by the referee or circuit court; and, if it be found inadmissible and irrelevant, the opposite party has the benefit of his objections, and the evidence is not considered in determining the rights of the parties. Any other course would lead to very great inconvenience in practice. If the course pursued by the defendant in this case is to be sanctioned, then, when either party to the action has had an opinion of the referee that a piece of testimony offered is not admissible, he may rest his case or defense, and permit a finding and report against him, and, on motion to confirm the report, may take the opinion of the circuit judge as to the correctness of such ruling; and, if said judge thinks the ruling erroneous, he must refuse to confirm the report, and the cause must be

referred again to try the case over, or to permit the party to give the evidence offered, and upon a second reference the same process may be gone through with. Or, if the circuit judge, agrees with the referee, the party offering the evidence may come to this court, and if this court is satisfied the ruling of the referee is wrong, the whole case must go back for a new trial. This practice, we think, ought not to be tolerated, when all these difficulties may be avoided by taking the evidence subject to the objections of the opposite party and to the opinion of the referee. Then the whole case comes before the circuit court and this court for review; and, whether the opinion as to the admissibility of the evidence be right or wrong, the rights of the parties can be settled without the expense and delay of a new trial.

We do not wish to be understood as holding that it would be error for a referee or trial judge to refuse to hear evidence which, in his opinion, is clearly objectionable, unless, upon review, it should appear that the same was in fact admissible; but we do hold that when the referee or trial judge offers to receive evidence which, in his opinion, is inadmissible, the party refusing to give the evidence waives any right to insist upon the erroneous opinion of the referee or judge as a ground for reversal of a judgment against him. We desire again to make the suggestion which this court made in the case of *Yates v. Shepardson*, 27 Wis., 238, and in other cases in this court, that referees and judges, trying causes without a jury, should be very careful in rejecting evidence offered upon the trial, and that they should, in every case where there is any reasonable doubt upon the question of the admissibility of the evidence, receive the same subject to the objections of the opposite party, although the referee or judge may entertain the opinion that the evidence is not admissible. Such course can do the parties litigant no harm, and will tend very greatly to lessen the delays and expense of litigation.

Upon the question of the correctness of the decision of the

referee and circuit court as to the admissibility of the evidence offered, we are of the opinion that the decision was right, and that the evidence was not admissible under the defendant's answer. As we understand the answer, it did not deny that the plaintiff had delivered all the lumber he had charged the defendant with, nor did it allege that it was not of the kind and quality he had agreed to deliver. It simply alleged that the plaintiff had charged the defendant a greater price for the lumber than he had agreed to deliver it for. The evidence was not, therefore, admissible without an amendment of the answer. In addition to the reasons above urged for receiving the evidence, notwithstanding and subject to the objection of the opposite party, its reception would aid the court in determining the question whether the party offering it ought to be allowed to amend his answer so as to make the same admissible. If, upon the production of the evidence, it failed to establish a defense, there would be no reason for allowing an amendment of the answer; and, on the other hand, if the proofs, when produced, showed that the defendant had a meritorious defense, which he had failed to set out in his answer, the court would, upon such terms as are just, permit the answer to be so amended as to make the evidence admissible, and require the referee to consider it in making up his final judgment in the case.

We find no error in the record for which the judgment should be reversed.

*By the Court.*— The judgment of the circuit court is affirmed.