ESTATE OF NEWMAN: NELSON, Appellant, vs. NEWMAN, Executrix, Respondent.

*April 9—May 12, 1931.*

For the appellant there was a brief by *Martin & Martin* of Green Bay, and oral argument by *Joseph Martin*.

For the respondent there was a brief by *Joshua L. Johns* of Appleton, attorney, and *Bruemmer & Bruemmer* of Kewaunee of counsel, and oral argument by *Mr. L. W. Bruemmer* and *Mr. Johns*.

FAIRCHILD, J. The claim upon the part of appellant is that the transaction amounted to a loan of $3,000 to Newman and that the thirty shares of stock issued to appellant were given to qualify him as a director in the S. H. Newman Ore Company and as "some security."

There is no dispute but that on April 24, 1926, appellant issued his personal check to the order of deceased in the sum of $3,000; that the check was indorsed by Mr. Newman, paid by the bank on which it was drawn, and charged to

appellant's account. Respondent's position is that the check was issued in payment for thirty shares of the capital stock of the S. H. Newman Ore Company purchased by Mr. Nelson from Mr. Newman. The $3,000 paid by appellant was used in the affairs of the mining company. No note or memorandum of any description tending to show a personal liability of the deceased therefor was given, and the appellant testified concerning this matter as follows:

"I never talked to him or asked him to pay me interest. I never talked to him after he sold out his interest to Steinhart, in order to organize the Steinhart Ore Company, in reference to this thirty shares; never said a word to him. I only had Newman's word for it that the par value of the thirty shares was worth $3,000; I didn't know. He told me that they were worth $3,000. I knew Mr. Steinhart; Steinhart and I were not on friendly terms. I knew that about the time Mr. Newman gave me these thirty shares, then he sold Mr. Steinhart twenty-five shares for $5,000."

Upon the certificate of stock, the stub in the certificate book showing the receipt by Mr. Nelson of the thirty shares of stock under date of April 22, 1926, and from the testimony of the appellant, it appearing that he is a man of considerable business experience, together with the fact that he had received no evidence of a loan and that there was no showing that there was an intention on the part of the deceased to give the stock to appellant, the learned trial court concluded that there was no evidence warranting its finding that the loan had been made as against the theory that appellant had purchased the stock, and therefore disallowed the claim. The findings and conclusions of the trial court are supported by the evidence.

Some difficulty was encountered resulting from the ruling of the trial court upon objections made to the admissibility of evidence leading into transactions between the claimant and deceased. The court quite generally followed the practice

of overruling the objection, stating, "the court in making its decision will do so on only the competent evidence submitted," and it appears from the circumstances disclosed that no error exists which can affect the result reached. The practice in trials before the court of receiving evidence subject to objection is permissible when there is doubt of its admissibility. *Holendyke v. Newton,* 50 Wis. 635, 7 N. W. 558. But evidence which is clearly incompetent or improper under the rules ought not to be received because, as said in *Hagan v. McDermott,* 134 Wis. 490, 115 N. W. 138, it "leads to confusion in the trial, casts the burden of meeting such incompetent evidence upon the opposite party, and is liable to entail useless expense of money and waste of time in fruitless inquiry." This comment is especially applicable where the objection is to the competency of a witness to testify to transactions with a deceased person. In such a situation the reception of such evidence subject to objection inevitably places the opposing party in a predicament. If he stands on his objection he faces the possibility that the evidence objected to may be considered by the trial court. The responsibility of the trial court is great and the difficulties encountered are many, but with the help of able lawyers a course may be followed in most cases which will enable those interested to understand what evidence is to be considered and afford them an opportunity to protect their interests.

Under the circumstances we hold that the evidence fully sustains the conclusion reached by the trial court and that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.