PAGE vs. KENNAN and another.

CLOUD UPON TITLE: PLEADINGS. (1) *Complaint to remove cloud should state facts showing nature of defendant's claim.* (2) *Allegation of conclusion of law insufficient.* (3) *Allegations as to claim under tax deeds, held insufficient.* (4) *Averments of acts of trespass by defendant show remedy to be at law.*

1. A complaint under section 29, ch. 141, R. S., should state facts showing the nature and the invalidity of defendant's claim which constitutes a cloud upon plaintiff's title to the land in question. *Wals v. Grosvenor*, 31 Wis., 682.

2. A complaint under that section, alleging that defendant claims the land in question under certain deeds, and that her claim is "without foundation in law," but stating no *facts* showing such deeds to be invalid, *held* insufficient, on demurrer.

3. Such a complaint, showing that defendant claims under tax deeds executed more than three years before the day on which plaintiff took actual possession of the lands, which day was more than three years before the commencement of the action, but failing to show that the land was occupied by any person between the issue of such deeds and the date of plaintiff's actual possession — *held* not to show that the statute of limitation had run upon the tax deeds, in plaintiff's favor, nor that it had not run in defendant's favor before plaintiff took possession.

4. It being alleged in the complaint that defendant has for several years committed acts of trespass upon the land, claiming to act by virtue of the pretended liens here in question: *Held,* that these averments show plaintiff to have an ample remedy *at law,* to which he must be left.

APPEAL from the Circuit Court for *Marquette* County.

Action under sec. 29, ch. 141, R. S., to remove a cloud from plaintiff's title. The complaint alleged ownership in fee of the lands by the plaintiff on the 1st day of November, 1869; and that the defendant *Loa Kennan* claimed an interest i n or lien upon the lands, which claim or lien was a cloud upon plaintiff's title, and was evidenced by the following deeds to *Loa Kennan*, viz: A tax deed dated September 4, 1865, and recorded the same day; a tax deed dated May 24, 1866, and recorded the same day; a tax deed dated July 20, 1867, and recorded July 22, 1867; a sheriff's deed dated August 12, 1871, and recorded May 18, 1872; a quitclaim deed from one Roberts, dated April 1, 1868, and recorded May 27, 1872. The complaint then alleged as follows:

" And the plaintiff further shows that the said defendant *Loa Kennan*, by herself, her agent and servants, has heretofore for a long time, to wit, for the period of three years and more, trespassed upon the lands and premises herein before described as the lands of this plaintiff, and claimed and pretended that by virtue of the pretended liens aforesaid she had an interest in the said lands. This plaintiff further shows that the said defendant *Loa Kennan* is a married woman, and the said defendant *T. L. Kennan* is her husband, and the said *T. L. Kennan* is made a party defendant herein for this reason only. And this plaintiff further shows that the said pretended claim and lien of the said defendant *Loa Kennan* upon the lands of this plaintiff, as described aforesaid, is without foundation in law, and that she, the said *Loa Kennan*, has no legal claim or lien upon or title or interest in or to the premises and lands hereinbefore described as the lands owned by this plaintiff, or to any part thereof."

The relief demanded was, that *Loa Kennan* be adjudged to release to the plaintiff all claim to the said lands and premises.

Defendants demurred to the complaint as not stating a cause of action; and they appealed from an order overruling the demurrer.

*T. L. Kennan*, for appellants, argued that the statute made the tax deeds *prima facie* evidence of a good and valid title in the defendant *Loa*, and, as the complaint shows that she claims under deeds purporting on their face to convey the whole title in fee, and as there are no facts stated to show the contrary, or to show any invalidity, the court must assume that such claim is a legal one. *Wals v. Grosvenor*, 31 Wis., 681. The statute requires a concise statement of the facts constituting the cause of action. Every fact which plaintiff must prove to enable him to maintain his suit, and which defendant has a right to controvert in his answer, must be distinctly averred. 1 Van Santv. Pl., 249; *Miller v. Miller*, 16 Pick., 215. The allegation that *Loa Kennan's* claim " is without foundation in law," etc., is simply a conclusion of law, and one which does not follow from the facts previously alleged in the complaint. In equity, any fact essential to the plaintiff's title to maintain the bill and obtain the relief must be stated in the bill, otherwise the defect will be fatal. Story's Eq. Pl., § 257.

*S. A. Pease*, with *Taylor & Sutherland* of counsel, *contra*, argued that the statute should be liberally construed, so as to accomplish the object of its enactment, and should be construed in the light of similar statutes in other states. Plaintiff should not be called upon to make any statement of the nature of defendant's claim, except to allege that he makes a claim which is adverse to plaintiff's title, and is unfounded. The statute is a remedial one, furnishing an easy and prompt method of wiping out unfounded claims upon the possessor's estate. New York, Massachusetts, Iowa and Indiana, which have similar statutes, all provide that the plaintiff need state nothing in his petition or complaint, except his own title of possession, accompanied by a general allegation that defendant claims title hostile to him. R. S. of Iowa 1873, secs. 3273, 3276; 2 R. S. of Indiana, secs. 611–613; 2 R. S. of New York, part 3, ch. 5, title 2; 4 Edmonds' R. S.

of New York, 610; Gen. Stats. of Massachusetts, 696, 1864. In *Wals v. Grosvenor*, 31 Wis., 681, there was no allegation as to the nature of defendant's claim, and what was said in the opinion, as to the necessity of plaintiff stating the facts upon which he expected to destroy defendant's title, was entirely *obiter.* In this case there is a statement of defendant's title, an allegation that she is insisting on its validity, and that it is unfounded and void. See *Shepardson v. Supervisors*, 28 Wis., 593; *Maxon v. Ayers*, id., 612; *Jarvis v. Peck*, 19 id., 74; *Gamble v. Loop*, 14 id., 465.

COLE, J. It is manifest that the complaint in this case is bad within the rule laid down in *Wals v. Grosvenor*, 31 Wis., 682. It was there held that a complaint under section 29, ch. 141, R. S., should state facts showing the nature and invalidity of the defendant's claim — in other words, must present a *prima facie* case for relief, — otherwise a court of equity would not interfere. In that case it was said that the complaint "should disclose the nature of the defendant's claim which has a tendency to throw a cloud over the title, and state such facts and circumstances in respect to such claim as show its invalidity." p. 684. It is suggested on the brief of counsel for the plaintiff, that this was *obiter ;* but if the case is examined, it will be seen that it was the very point in judgment, upon which the demurrer was sustained. The rule laid down in *Wals v. Grosvenor* is elementary. "Every fact essential to the plaintiff's title to maintain the bill, and obtain the relief, must be stated in the bill, otherwise the defect will be fatal." Story's Eq. Pl., § 257. It is said that it is imposing an unnecessary burden upon the plaintiff to compel him to state the nature of the defendant's claim and its imperfections. There is certainly no force in that objection when the facts showing the invalidity of the defendant's claim are matters of record and necessarily within the reach of the plaintiff. If the defendant founds his claim upon some title not of record, nor

within the knowledge of the plaintiff, an allegation of that fact in the complaint might be deemed sufficient. That point may, however, be left for consideration when it shall arise. In the complaint before us not a single fact is stated to show the invalidity of any one of the deeds under which the defendant claims an interest in the premises. It is alleged that the defendant *Loa Kennan* claims the lands, or different tracts, under three several tax deeds, a sheriff's deed, and a quit-claim deed from one Roberts. It may be said that it appears that the statute has run against the tax deeds; but this we can hardly assume, because the lands might have been vacant and unoccupied when the deeds were recorded, and up to the time the plaintiff took actual possession, November 1, 1869. If the lands were vacant and unoccupied before 1869, the statute would run in favor of the grantee in the tax deeds. Besides, no fact is stated to invalidate the sheriff's deed; and it does not appear whether Roberts was connected with the original title or not.

It is true, there is a general allegation that the pretended claim or lien of the defendant *Loa Kennan* upon or to the lands "is without foundation in law," and that she "has no legal claim or lien or title" to the premises. But this is stating a mere legal conclusion, and not stating facts.

It is alleged that the defendant *Loa Kennan* has for the period of three years committed acts of trespass upon the lands by virtue of her liens. Why has not the plaintiff resorted to his action at law to determine the question of title and the legality of the defendant's acts? He might have brought his action of trespass, and established his right at law. Section 29 was not intended to furnish a remedy to try conflicting titles to land. A court of law is a more appropriate tribunal, and, indeed, the proper forum for the determination of such questions. If the defendant is a mere wrongdoer, invading the plaintiff's rights and possession, he has a complete remedy at law. That remedy is ample and sufficient for the protec-

tion and vindication of his rights. A party seeks the aid of this statute because he fears some future probable injury to his rights under a claim in the hands of one who refuses, perhaps, to assert it or submit it to the determination of a court of law. But when the claim is asserted and the plaintiff's rights and possession are invaded, the legal remedies afford him every protection. We have carefully examined the supplemental argument of the learned counsel for the plaintiff in support of the position that the complaint is sufficient. He contends that the rule laid down in *Wals v. Grosvenor* defeats the whole object of the statute, by requiring the plaintiff to state facts showing the invalidity of the defendant's claim. Our statute, unlike that of some of the states, to the decisions of whose courts we were referred, does not prescribe what the complaint shall contain, and we are remitted to the principles of equity pleadings to test its sufficiency. And, according to these rules and principles, we think the complaint is clearly bad.

It follows that the demurrer should have been sustained.

*By the Court.* — The order of the circuit court is reversed, the cause remanded for further proceedings according to

RYAN, C. J., took no part in the decision of this cause.