PENNOYER and another vs. ALLEN and others.

· *March 2, 1881.*

NUISANCE: EQUITY. *Defenses available in action for nuisance: Injunction to restrain such actions, when refused.*

In an action to recover damages for the maintenance of a nuisance, and to abate the nuisance, the facts that defendants have a right by grant or prescription to maintain the alleged nuisance, and any facts which show that *in equity* plaintiffs should not be allowed to obtain the judgment demanded, may be set up as a *defense;* and until a judgment establishing the validity of such defense has been obtained, defendants are not entitled to equitable relief by an injunction restraining plaintiff from bringing further actions of the kind against them; and a counterclaim for such equitable relief, set up by defendants in their answer in such a case, is therefore held bad on demurrer.

APPEAL from the Circuit Court for *Kenosha* County.

Defendants appealed from an order sustaining a demurrer to that part of their answer which set up a counterclaim. The nature of the action and of the counterclaim will sufficiently appear from the report in *Pennoyer and another v. Allen and*

*another*, 50 Wis., 308–311; and the present case seems to have been submitted on the argument made in that.

LYON, J. This action was brought to recover damages for a continuation of the same nuisance by the defendants, complained of in *Pennoyer v. Allen*, 50 Wis., 308, and for an abatement of the alleged nuisance. That action was brought by the present plaintiffs against the defendants *Nathan R. and Charles Allen* only. In this action, *Nathan R. Allen, Jr.*, who had become a partner in the tannery business before either action was commenced, is also joined as a defendant.

The pleadings in the two cases are substantially alike, and both cases came to this court on appeals from orders sustaining demurrers to the counterclaims contained in the respective answers. In the other action we could not pass upon the merits of the counterclaim, because the relief prayed therein could not be granted in the absence of *Nathan R. Allen, Jr.*, as a party to the action. In the present case he is a party, and the counterclaim is before us for adjudication.

The question which we encounter at the outset is, Does the counterclaim state facts which will authorize a court of equity to grant the relief prayed? We think the question must be answered in the negative. Every fact stated in the counterclaim — every right asserted therein — is available to the defendants (if at all) as a defense to the action, and has been so pleaded. Without invoking the equity powers of the court, they may, under their answer, show a prescriptive right to operate their tannery as it had theretofore been operated, or a right to do so conferred by grant. Or, if they show the expenditure of money on the faith of a parol license from the plaintiffs or their grantors, or their acquiescence in such expenditures, as alleged in the answer, the defendants can obtain all the benefit and advantage therefrom which they could have in any other forum.

A judgment in this action for the defendants, based upon

their right to maintain and operate their tannery in the future as in the past, would be just as effectual for their protection against the plaintiffs as would be the decree of a court of equity formally adjudging such right. If such right is established in this action, the judgment would be a bar to a future action by the plaintiffs for the same cause. It may be, however, that should the plaintiffs commence or threaten future actions for the same cause, after the right has been found against them at law, a court of equity would interpose to restrain such future actions.

Hence the defendants have an adequate remedy at law, and in such a case the rule is elementary that a court of equity will not interfere. They now have an opportunity fully to establish their rights at law, and, until they do so, they can have no standing in a court of equity in respect to the matters alleged in the counterclaim. *Town of Sheboygan v. R. R. Co.*, 21 Wis., 667; *Gray v. Tyler*, 40 id., 579; *Smith v. Oconomowoc*, 49 id., 694. See also *Remington v. Foster*, 42 Wis., 608.

Having reached the conclusion that all the matters alleged in the counterclaim may be litigated and determined at law, and do not constitute a basis for equitable relief until so determined, it is quite apparent that we ought not, on this appeal, to attempt to determine whether those allegations, or any of them, if proved, will defeat the action. The same matters are pleaded as defenses, and that portion of the answer is not before us. We abstain, therefore, from expressing any opinion on the sufficiency of the defenses so pleaded.

*By the Court.*— The order of the circuit court sustaining the demurrer to the counterclaim, is affirmed.