Hagan, Respondent, vs. McDermott, Executor, 'Appellant.

*January 28—February 18, 1908.*

*Cancellation and reformation of instruments: Absence of necessary parties: Judgments: Jurisdictional error: Witnesses: Competency: Transactions with persons since deceased: Trial: Reception of evidence subject to objection.*

1. In an action to set aside and cancel a deed it appeared, among other things, that pending the action the defendant died testate, and the action was revived in the name of her executor, but the record was barren of information as to who were the persons in whom the title vested at the time of defendant's death.  *Held*, under sec. 2604, Stats. (1898), that such persons were necessary parties to determine the issues raised, and should have been made parties under the requirements of sec. 2610, Stats. (1898), so that there might be a complete determination of the controversies presented in the action.
2. In such case the interests of such absent parties are necessarily involved with those of the parties before the court, and a judg-

ment rendered in their absence would constitute jurisdictional error, in the sense of inexcusably departing from established principles respecting the exercise of judicial power.

3. In an action to set aside and cancel a deed and to reform a mortgage on the same lands, the plaintiff is *held* to have no standing to attack the mortgage.

4. In an action to reform a mortgage on land of plaintiff's wife, the title having duly passed to plaintiff, it appeared that both the wife and the mortgagee were dead. *Held*, that plaintiff was not a competent witness to communications and transactions with those deceased persons.

5. It is not good practice to receive incompetent evidence subject to objection, where it is perfectly plain that it is objectionable on the ground stated, and there is no suggestion that it could become competent through circumstances not then disclosed, since it leads to confusion on the trial, casts the burden of meeting it on the opposite party, and is liable to entail useless expense of money and waste of time in fruitless inquiry.

6. In an action to reform a mortgage, the evidence, stated in the opinion, is *held* to fail to sustain findings and judgment awarding the relief prayed.

APPEAL from a judgment of the circuit court for Oneida county: W. C. SILVERTHORN, Circuit Judge. *Reversed.*

The complaint in this action alleges that the plaintiff was the husband of one Catherine Hagan, who died intestate the owner of real estate described in the complaint; that shortly after her death her son, John T. Hagan, and her foster son, Thomas Hagan, conveyed all of their interest in this real estate to the plaintiff; and that the plaintiff was the owner of another parcel of real estate. It is further alleged that the defendant, Margaret Hagan, and her husband, John T. Hagan, since deceased, schemed and contrived together to obtain title to plaintiff's property; that in furtherance of their scheme they took the plaintiff into their home and urged him to make conveyance of his property to John T. Hagan; that they made it appear to the plaintiff that he was about to be accused of crime; that they induced the chief of police to represent to him that he was about to be arrested on a criminal charge, and they urged him to con-

vey all of his property to said John T. Hagan in order that it might be protected and preserved; and that the plaintiff relied upon their representations, and agreed to make the conveyance to his son John, as urged, but that he learned after the execution of the deed that it conveyed the property to the defendant, Margaret Hagan. He also alleges that there was no consideration for the deed. This deed conveyed the real estate which had belonged to the plaintiff's wife and also the real estate to which he himself had had title. Plaintiff's son, John T. Hagan, is dead. For a second cause of action plaintiff alleges that during the lifetime of his wife, Catherine, she borrowed $100 from their son John and gave a mortgage upon her property in favor of the defendant, and that the note and mortgage were fraudulently made for the sum of $300, instead of the amount actually borrowed, namely, the sum of $100. Plaintiff asks for the reformation of the mortgage and the cancellation of the deed.

Pending the trial of the action the defendant, Margaret Hagan, died, and upon motion the action was revived against *Thomas McDermott,* the executor of the last will and testament of the deceased. She left surviving her two minor children. The answer of the executor admits his executorship and states, by way of admission, that he is the guardian of the minor children. Another son of the plaintiff and his deceased wife, who is confined in an asylum for the insane, is not represented in this litigation. On the trial of the action the court permitted the plaintiff, over objection, to testify as to the various transactions with his deceased son and his son's wife, the original defendant. Besides his evidence there was the evidence of the former chief of police that at the request of the son John he had spoken to plaintiff, stating that the parents of the girl with whom the plaintiff was said to be intimate were about to start a criminal prosecution, and urging the plaintiff to discontinue his attentions to the girl, and that upon the suggestion of the plaintiff he advised that

it might be safer to convey his property to his son John.
The only other evidence on this subject was that of one
O'Hare, who testified to the effect that John had stated that
a job had been put up on the plaintiff and that he had been
prevailed upon to make a deed of his property under the
fear of a criminal prosecution.  This witness also testified
that the son had stated that he had loaned his mother $150
before she died and that it was secured by a mortgage.  The
court found that the deed to Margaret Hagan had been pro-
cured by fraud and was without consideration, and that the
note and mortgage were wrongfully made for a larger amount
than had been actually borrowed.  Judgment was given can-
celing the deed and reforming the mortgage by inserting a
consideration in the sum of $100.  This is an appeal from
the judgment.

*A. W. Shelton,* for the appellant.

For the respondent the cause was submitted on the brief
of *Sam. S. Miller.*

SIEBECKER, J.  Plaintiff seeks to set aside a conveyance
of real estate executed by him on May 2, 1902, to Margaret
Hagan, upon the ground that it was fraudulently obtained
from him.  He also asks that a mortgage executed by his
deceased wife upon part of the premises which he claims to
own be reformed by reducing the consideration from $300,
the amount expressed in the mortgage, to the sum of $100,
the amount alleged to have been the true consideration for
the mortgage.  It appears that at the time the action was
commenced against Margaret Hagan she held title to the
premises under the deed from plaintiff and that she was the
owner of the note secured by the mortgage given by plaintiff's
wife on part of the real estate in controversy.  It also ap-
pears that Margaret Hagan died during the pendency of the
action, that she left a will of which *Thomas McDermott* is
the executor, and that she left two minor children as her

heirs.    After her decease the action was revived in the name
of her executor, and in such representative capacity he was
substituted as defendant and was authorized to defend the
action as executor.    We are not informed whether or not
Margaret Hagan made disposition of this real estate by her
will, nor is it shown whether she left any debts to be paid
out of this real estate which would authorize the executor
to take possession thereof for this purpose.    The record is
therefore barren of information as to the persons in whom
the title to this real estate vested at the time of Margaret Ha-
gan's death; but it is certain that such owners, whoever they
may be, are not parties to this action.    Under sec. 2604,
Stats. (1898), such persons are necessary parties to deter-
mine the issues raised by the action for cancellation of the
deed from plaintiff to Margaret Hagan, and should have been
made parties under sec. 2610, Stats. (1898), that there
might be a complete determination of the controversies pre-
sented in the action.    *Zægel v. Kuster,* 51 Wis. 31, 7 N. W.
781; *Jones v. Graham,* 80 Wis. 6, 49 N. W. 122.    The ef-
fect of such defect of parties on the judgment in the ac-
tion was considered and determined in the recent case of
*McDougald v. New Richmond R. M. Co.* 125 Wis. 121,
103 N. W. 244, and it was held that where the interests of
absent parties are necessarily involved with those of the
parties before the court, and where no adjudication could be
entered in respect thereto without also adjudicating, to some
extent at least, the rights of others interested in the subject
matter of the cause of action who were not parties before the
court, such a situation prohibited determination of the con-
troversy in their absence, and no judgment could properly
be awarded until such interested parties were brought into
the action to have their rights adjudged.    A judgment ren-
dered in their absence would be erroneous upon the ground
that it violated a statutory command and constituted "ju-
risdictional error, in the sense of inexcusably departing from

established principles respecting the exercise of judicial power," and would render the judgment "erroneous upon grounds which may be raised at any time while the court has control of the case." *McDougald v. New Richmond R. M. Co.* 125 Wis. 121, 130, 103 N. W. 247. Upon this ground the judgment in this case cannot be sustained, since it attempts to cancel the deed given to Margaret Hagan without the persons who became vested with the title at the time of her death being parties to the action.

The relief demanded—a reformation of the mortgage so as to reduce the consideration therein expressed—is necessarily dependent upon the cancellation of the deed; for, if the deed stands, plaintiff has no standing to attack the mortgage upon the land. Such a situation would leave him without any interest in the land. The court, however, determined this question upon the ground that the deed ought to be canceled and the title to the mortgaged property restored to the plaintiff. Though no judgment can be awarded upon the issues for the reason above stated, it is proper to look into the evidence to ascertain whether it supports the court's conclusion of fact as to the mortgage transaction. This issue of fact was litigated between the plaintiff and the executor, who properly represents the estate of Margaret Hagan for this purpose. Well-nigh all the material evidence on the question of the actual consideration for the note and mortgage so given by the plaintiff's deceased wife to Margaret Hagan is a narrative by plaintiff of communications pertaining to transactions between himself and his son John and his son's wife, Margaret Hagan, who are both deceased. This evidence was objected to as incompetent under sec. 4069, Stats. (1898). Plaintiff's incompetency as a witness to the giving of such testimony is too plain and clear for argument under the circumstances presented. The substance of plaintiff's evidence related to communications and transactions with these deceased persons, concerning which

the opposite party had given no evidence. The evidence was received subject to objection, but evidently the court relied on it in its conclusion of fact, since there is no other evidence in support of the court's finding. The admission of such evidence subject to objection cannot be indorsed as good practice under the circumstances of this case. It was perfectly plain when the evidence was offered that it was objectionable upon the ground stated, and there was no suggestion that it could become competent through circumstances not then disclosed. The reception of clearly incompetent evidence is a practice which leads to confusion in the trial, casts the burden of meeting such incompetent evidence upon the opposite party, and is liable to entail useless expense of money and waste of time in fruitless inquiry. The evil consequences which may follow from such a practice are sufficient to condemn it, and require calling attention of the trial court thereto. Aside from such incompetent evidence there is only the statement of Mr. O'Hare that John Hagan, the husband of Margaret Hagan, stated to him that the actual consideration for the note and mortgage was $150 instead of $300, the amount specified in the instrument. This statement was made at a time long subsequent to the transaction, and, moreover, there is no proof that he acted as her agent in the transactions of this loan. Under these circumstances we must hold that the evidence wholly fails to sustain the findings of the trial court on this issue and that the judgment awarded is not supported.

*By the Court.*—Judgment reversed, and the cause remanded for further proceedings according to law.