## WILL OF PRASSER.

*May 14—June 3, 1909.*

*Wills: Construction: Nature of estate created: Vested or contingent? Intermediate trust estate: Legal estates: Seisin: Dower.* ·

1. In determining the nature of an estate created by will the will itself is to be first construed to ascertain the testator's intention, and afterwards the statute is to be consulted to ascertain how far the estate intended is affected thereby.

2. In the construction of a will the law leans, in doubtful cases, in favor of an absolute rather than a defeasible estate, and of a vested rather than a contingent interest.

3. While the general rule is that a gift will be deemed contingent when it is found only in a direction to divide at a future time, this is subordinate to the primary rule that the intent, to be collected from the whole will, must prevail.

4. A will gave the use of all testator's property to his widow during her life, and provided that after her death the property should be held in trust for ten years, the net income during that time to be divided equally among his children. It then provided that after the expiration of said ten years "all my estate and property then remaining in the hands of my said trustees I hereby give, devise, and bequeath unto all my children in equal parts, share and share alike." *Held*, that the interests of the children became vested at the time of testator's death, subject only to the life estate of the widow and the ten-year trust.

5. By "seisin" as the term is used in sec. 2159, Stats. (1898), relating to dower, is meant a fixed vested right of enjoyment of the estate, either immediately or at the termination of an intermediate estate.

6. Sec. 2159, Stats. (1898), gives dower out of legal estates only, as was the case at common law.

7. Under secs. 2086, 2087, Stats. (1898), when a trust in lands is created and the lands at the same time granted or devised subject to the execution of the trust, the trustee takes only such interest as the purposes of the trust require, and the grantee takes the entire title as against the world in general, and as against the trustee he takes the beneficial equitable interest subject only to the execution of the trust according to its terms.

8. A devisee who, under the will, took a vested remainder in fee in land of the testator, subject only to a life estate and to a subsequent trust limited to ten years, and who died after the

life estate had ended, was during his life "seised of an estate of inheritance" within the meaning of sec. 2159, Stats. (1898), and such estate being a legal estate as against all persons except the trustees, whose term was for years only, his widow was entitled to dower.

APPEALS from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Modified and affirmed.*

George I. Prasser died May 5, 1902, leaving a will, which was afterwards duly probated, and by which he gave the use of all his property to his wife during her life, and provided that after her death his executors should hold the entire estate in trust for ten years, using so much of the income as might be necessary for the maintenance of the property, keeping the real estate in good repair, paying all taxes thereon, and rebuilding any buildings that might be destroyed by fire, and dividing the net balance of the income "between my children, share and share alike." Then follows this provision:

"After the expiration of ten years after the death of my said wife, all my estate and property then remaining in the hands of my said trustees I hereby give, devise, and bequeath unto all my children in equal parts, share and share alike."

Prasser left real estate of the value of $50,000 and personal property of the value of $15,000. He was survived by a widow and seven children. The widow, Amalia Prasser, died September 9, 1902. Theodore Prasser, one of the children, died August 28, 1906, leaving a widow, *Helen Prasser,* and one minor child, *Clarence Prasser.* Amalia Seidentopff, a married daughter, died August 2, 1906, leaving her husband as her sole heir. The remaining five children are still alive. This proceeding was brought in the county court of Milwaukee county to construe the will. The county court held that upon the death of the testator the seven children took equal vested interests in the estate, sub-

ject to the life estate of the widow and the ten-year trust estate; that in case of the death of any child during the ten-year trust term his vested interest in real property would pass to his heirs and in personal property to his personal representatives respectively. *Helen Prasser* was denied any dower in the interest of Theodore Prasser. Upon appeal the circuit court confirmed this judgment, and the executors and trustees appeal. *Helen Prasser* also appeals from that part of the judgment denying her dower.

For the appellants the executors and trustees the cause was submitted on the brief of *Julius E. Roehr.*

For the appellant *Helen Prasser* the cause was submitted on the brief of *Harper & McMynn.*

For the respondent *Clarence Prasser* there was a brief by *Oscar M. Fritz,* guardian *ad litem,* and *Kronshage, McGovern, Goff, Fritz & Hannan,* of counsel; for the respondent *Fidelity Trust Company,* administrator of the estate of Theodore H. Prasser, deceased, and for the respondent *Helen Prasser,* there was a brief by *Harper & McMynn;* for the respondent *Ernst Seidentopff,* sole heir of the estate of Amalia Seidentopff (*née* Prasser), and as administrator of her estate, there was a brief by *Burke, Alexander & Burke;* for the respondent *Prudential Investment Company* there was a brief by *G. D. Goff;* and the cause was argued orally by *Mr. Goff.*

WINSLOW, C. J. The question upon the appeal of the executors and trustees is whether the estate vested in the children living at the time of the testator's death, or whether there will be no vesting of the estate until the end of the trust period, and then only in the children who shall then survive.

In determining the nature of an estate created by will, the will itself is to be first consulted and afterwards the statute. The operations should not be reversed. The will is to be first construed because the first and controlling question is, What

sort of an estate did the testator intend to carve out? and this can only be determined by construction of the will. After the testator's intention has thus been determined, the statute is to be consulted in order to ascertain how far the estate intended to be created by the testator is affected, limited, or inhibited by the law. It was said in *Smith v. Smith,* 116 Wis. 570, 93 N. W. 452, that:

"The primary canon in the construction of wills is that the intent is to be gathered from the whole will, rather than from the phraseology of any particular isolated clause. It is also well established that in doubtful cases the law leans in favor of an absolute, rather than a defeasible, estate, and of a vested, rather than a contingent, interest, and that, while the general rule is that a gift will be deemed contingent when it is found only in a direction to divide at a future time, this is subordinate to the primary rule that the intent, to be collected from the whole will, must prevail."

It was further said in the case of *Ohse v. Miller,* 137 Wis. 474, 119 N. W. 93:

"The gift will be held to vest, if such appears to have been the testator's intention, even though it be expressed in a mere direction to pay. . . . The real inquiry is whether the element of time is annexed to the gift itself as a condition precedent, or merely to the payment of it."

These principles are well settled, nor are they in any respect doubted, but rather recognized, in the case of *In re Moran's Will,* 118 Wis. 177, 96 N. W. 367, which is much relied on by appellants. Applying them to the present case, we have no difficulty in concluding that the testator intended the interests of his children to vest at the time of his death, subject only to the life estate of the widow and the ten-year trust. The words of the devise are words of a present grant, not of mere direction for division at a future date. The net annual income is to be divided among the children during the entire period of the trust, showing the intention that the beneficial enjoyment should begin as soon as the life estate should be

concluded, and the devise is "unto *all* my children." These features are all indicative of an intention to vest a present interest in each child at his death, rather than to suspend the vesting until the end of the trust period.

Passing to the question of *Helen Prasser's* right to dower, it is to be remembered that at the time of her husband's death the life estate had ended, and only the existence of the ten-year trust prevented the husband from entering into the actual possession of his interest, which, as we have seen, was already vested. Our statute gives a widow dower in all lands of which her husband was "seised of an estate of inheritance" at any time during coverture. By "seisin" is meant a fixed vested right of enjoyment of the estate either immediately or at the termination of an intermediate estate. 1 Washb. Real Prop. (6th ed.) § 116. At common law there was no dower right in a reversion or remainder after a freehold estate, unless the freehold estate terminated during the life of the husband; but there was dower in a reversion or remainder after an estate for years. 1 Washb. Real Prop. (6th ed.) § 365. At common law, also, there was no dower in an equitable estate. The husband must have had legal title. Id. § 374. In England and in many of the United States this latter rule has been changed by statute, and dower given out of equitable estates. Id. § 375. Our statute, however, says nothing of equitable estates, and doubtless is to be regarded as simply giving dower out of legal estates, as was the case at common law. Sec. 2159, Stats. (1898); 1 Scribner, Dower (2d ed.) ch. 19, § 20 *et seq.*, p. 400.

In the present case the husband's interest had vested at the testator's death, the life estate of the widow of the testator had ended during the husband's life, and the trust, limited to the term of ten years, alone intervened before the husband's right of possession would become perfect. Under these circumstances, was the husband during his life seised of an estate of inheritance? Sec. 2086, Stats. (1898), provides that

in case of a valid express trust the whole estate shall vest in
the trustees *"except as herein otherwise provided,"* and that
the *cestui que trust* shall take no interest in the land, but may
enforce the trust. ·Sec. 2087 provides, however, that:

"The preceding section shall not prevent any person creat-
ing a trust from declaring to whom the lands to which the
trust relates shall belong in the event of the failure or deter-
mination of the trust, nor shall it prevent him from granting
or devising such lands subject to the execution of the trust;
and every such grantee shall have a legal estate in the lands
as against all persons except the trustees and those lawfully
claiming under them."

From the two sections taken together it must result that
when a trust in lands is created, and the lands at the same
time granted or devised subject to the execution of the trust,
the trustee takes only such interest as the purposes of the trust
require, or, as frequently expressed, only such interest as is
necessary to feed the trust, and the grantee takes the entire
title as against the world in general, and as against the trus-
tee he takes the beneficial equitable interest, subject only to
the execution of the trust according to its terms. *Baker v.
Estate of McLeod,* 79 Wis. 534, 48 N. W. 657. Such was
Theodore Prasser's interest here. It was vested, subject only
to the execution of the trust, and was a "legal estate" as
against all persons except the trustees, whose term was for
years only. Why should not his widow have dower in this
legal estate? We have discovered no good reason for a nega-
tive answer to this question, and hence conclude that she
should have been awarded dower in her husband's vested in-
terest in the real property of the estate. So long as the trust
exists, this means, of course, only a one-third interest in the
net annual rents of the real estate after the purposes of the
trust have been fully performed.

· *By the Court.*—Judgment modified so as to provide that
the trustees shall pay to *Helen Prasser* annually one third of
the net rents, profits, and income derived from Theodore

Prasser's one-seventh interest in the real property of the estate, and the balance to the general guardian of *Clarence Prasser,* and, as so modified, the judgment is affirmed on both appeals: one bill of costs to be taxed by respondents and paid out of the estate.