HARLEY, Respondent, vs. HARLEY, Appellant.

*September 16—October 5, 1909.*

*Ejectment: Right to possession: Pleading: Defenses: Necessary parties, how brought in: Equitable estates: Dower and homestead rights of widow. in possession.*

1. One cannot recover in ejectment unless he is entitled to possession at the time he commences his action.
2. A legal defense in ejectment is not pleadable as a counterclaim, since otherwise by the forms of pleadings a defense raising issues as matter of right commonly understood to be triable by a jury could be so interposed as to require trial by the court.
3. If a person on a sufficient consideration agrees to convey real estate to another as his property and puts such other into possession pursuant thereto, who subsequently, while in such possession, dies intestate, leaving a widow and children. the circumstances being such that such person could have been judicially compelled to convey the land, pursuant to the agreement, to the executory vendee had he lived and such person nevertheless brings ejectment against the widow who is in possession with her children, such facts are a good legal defense, and are pleadable as an equitable defense as well to secure appropriate relief.

Harley .v. Harley, 140 Wis. 282.

4. In the situation above stated the defendant may have the benefit
of the equitable defense and obtain such affirmative relief as to
fully protect her notwithstanding her children are not made de-
fendants, unless their presence in the litigation is necessary for
their due protection or in order that a full determination of all
the issues may be had.
5. In the contingency suggested the court should not dismiss the ac-
tion nor render judgment in plaintiff's favor, but should, on his
.own motion, order the necessary parties brought in unless some
one presently a party so moves.
6. In the situation stated in number 4 the widow for her life or
widowhood is the equitable owner of the homestead, if there be
one, with the right to be clothed with the legal title to that
extent, and the owner of a dower right in the other lands, if
there be such, with the right to be clothed with such title as
will fully protect such dower right.
7. If a widow with her children is left by the death of her husband
in possession of land in which she has a dower right she may at
law maintain that position without having her dower assigned.
8. A widow's dower in land will enable her not only to defend her
possession if left therein with her children by her husband at
his decease, without having such dower assigned, but whether
she has issue by such husband or not she may maintain eject-
ment to obtain such dower.
9. The homestead right which descends as such on the death of a
husband leaving a widow and children, attaches to the home-
property even though the husband had only the full equitable
title thereto.
10. A full equitable title to real estate and like beneficial interest
therein, the holder of the legal title having no duty to perform
in respect to the property except to convey the legal title to the
owner of the equitable title, is an estate of inheritance within
the meaning of the dower statute.
[Syllabus by MARSHALL, J.]

'APPEAL from a judgment of the circuit court for Dunn
county; E. W. HELMS, Circuit Judge. *Reversed.*

Action of ejectment.

The matter litigated and basis for judgment as indicated
in the findings may be concisely stated thus: Plaintiff holds
the legal title to the premises in dispute consisting of eighty
acres of land.   He is the father of Charles Harley, who died

intestate August 12, 1903, leaving surviving the defendant, his widow, and three children.  Prior to the marriage of defendant and Charles plaintiff gave the latter the real estate mentioned with the understanding that he and defendant should become man and wife and move upon, occupy, and improve the premises as the property of Charles.  The legal title was never parted with by plaintiff.  The marriage contemplated took place and all conditions of the gift were satisfied by defendant and Charles taking possession of said premises as property of the latter and their occupying and using the same as such thereafter with plaintiff's approbation till Charles died, during which time he made valuable improvements upon the land supposing that he was the real owner thereof and that plaintiff would convey the same to him as he had promised to do.  September 23, 1907, and long after the commencement of this action, defendant became the wife of one Johnson.  She was in possession of the premises in dispute with her children at the time this action was commenced and has been so circumstanced since the death of her husband.  No assignment of dower has been made to her.

On such facts, notwithstanding defendant pleaded all the facts stated as aforesaid as a defense and also as a counterclaim and prayed for judgment requiring plaintiff to carry out his agreement with Charles by conveying the premises vesting in her and her children the title which would have come to them upon the death of Charles had he died seised of the legal title, the court decided that, since plaintiff held the legal title, defendant could not prevail in ejectment on her equitable defense, neither could she prevail on her counterclaim without presence in the litigation of her children, and that though plaintiff had no right to possession of the premises as against the heirs of Charles, since she was not entitled to possession by virtue of any dower interest, plaintiff was entitled to recover.

*J. R. Mathews* and *R. E. Bundy,* for the appellant.

For the respondent there was a brief by *Arthur H. Shoemaker* and *J. W. Macauley,* and oral argument by *Mr. Shoemaker.*

MARSHALL, J.　The learned trial court decided this case upon the theory that, because of plaintiff having the bare legal title to the property in question without any real right of possession,—the whole equitable title and beneficial interest being, as was supposed, in the minor heirs of the deceased husband of appellant and, necessarily, also the right to be clothed with the legal title,—he was entitled to recover, since, as the court held, the facts could only prevail in equity as against him at the suit of the minors who were not parties to this action.

The grounds for the judgment are quite novel. They seem to fatally conflict with the elementary principle that in order to enable a person to recover in ejectment he must at least be entitled to possession of the property in dispute at the time of commencing the action.　One may have the legal or equitable title without the right of possession, in which case, obviously, he cannot recover in ejectment, and the facts showing that he has no such right constitute a legal defense and so not only need not, but cannot properly, be interposed as an equitable defense in the form of a counterclaim.　*Page v. Kennan,* 38 Wis. 320; *Lawe v. Hyde,* 39 Wis. 345, 354; *Pennoyer v. Allen,* 51 Wis. 360, 8 N. W. 268; *Brown v. Cohn,* 88 Wis. 627, 60 N. W. 826; *Appleton Mfg. Co. v. Fox River P. Co.* 111 Wis. 465, 87 N. W. 453.　The reason thereof is that the statute (sec. 3078, Stats. 1898) as it has been construed provides that equitable defenses only must be pleaded in form as counterclaims and the issues be tried by the court.　*Lombard v. Cowham,* 34 Wis. 486; *Du Pont v. Davis,* 35 Wis. 631; *Lawe v. Hyde,* 39 Wis. 345; *Stowell v. Eldred,* 39 Wis. 614; *Fuchs v. Treat,* 41 Wis. 404; *Dobbs v. Kellogg,* 53 Wis. 448,

10 N. W. 623; *Weld v. Johnson Mfg. Co.* 86 Wis. 549, 51 N. W. 378. Therefore it is not permissible to change the character of the trial tribunal, as from one of law to one of equity, by the form of the pleadings. There is an absolute right to a jury trial of the legal issue in ejectment. That cannot be allowed to be invaded by treating such issue as equitable.

It cannot well be maintained but that the facts pleaded and found here constitute a legal defense and so were not required to be pleaded as a counterclaim, or but that they constitute such defense and, for reasons which will hereafter be stated, they constitute a good equitable defense as well. The learned trial court, as before indicated, held that the minors were the only parties really interested adversely to respondent and that, since they were not parties to the action, appellant could not by counterclaiming maintain her possession and obtain relief in their favor.

True, a counterclaim, in the general sense, must be one constituting a cause of action in favor of the defendant against the plaintiff. The trial court was not called upon to deal with such a matter, but, at the best for respondent, with an equitable defense, one which under the old practice was a defense as distinguished from a counterclaim. It must be remembered that this whole subject is governed by the Code and, therefore, it is only confusing and misleading to cite ancient authorities or such as do not recognize fully the Code system.

The statute provides that "the defendant . . . may . . . in his answer set up any matter as a defense which would have heretofore formed an equitable defense, in which case the answer shall contain a demand for such judgment as he claims. . . ." Sec. 3078, Stats. (1898). Facts showing that a party, sued in ejectment, is in possession under or in the right of a person who should be clothed with the legal title by act of the person seeking to gain that possession in ejectment,

have been recognized as an equitable defense under the statute. *Hegar v. C. & N. W. R. Co.* 26 Wis. 624; *Fisher v. Moolick,* 13 Wis. 321. Facts in general going to show that, in equity, plaintiff in ejectment is not entitled to possession by reason of the right in that regard being in defendant or the latter and others under whom he rightfully claims, have been so recognized. *Prentiss v. Brewer,* 17 Wis. 635; *Du Pont v. Davis,* 35 Wis. 631, 639. Therefore, the ground upon which the learned trial court refused appellant the benefit of the defense pleaded as a counterclaim is untenable.

If the preceding were not correct the facts pleaded constituted a plain legal defense to the action as to the homestead forty because a legal right to a full equitable title to that descended to respondent to hold for life or during the period of her widowhood (sec. 2271, Stats. 1898), and was there vested at the time of the commencement of this action and for a long time thereafter, as indicated in the statement of facts. Moreover, she was entitled to possession of the whole with her children, who were the real equitable owners, as their representative, subject to the homestead right and dower right, in case of there being any, against any person not having a better right.

The appellant had an undoubted right, upon the facts stated as matter of defense and found, to judgment establishing her right of possession. She also had a right, on the same facts pleaded as a counterclaim, to have the affirmative relief asked in confirmation and protection of her homestead right. Moreover, if it were necessary for the other heirs to be before the court for their due protection, or because a complete determination of the controversy was otherwise impossible, which does not seem to be the case, they should have been brought in under sec. 2610, Stats. (1898), whether there was a request therefor by either party or not, instead of rendering judgment for plaintiff with costs, as was done. Sec. 2610, Stats. (1898); *McDougald v. New Richmond R. M. Co.* 125

Wis. 121, 129, 103 N. W. 244; *Dahlman v. Milwaukee,* 130 Wis. 468, 475, 110. N. W. 483; *Hagan v. McDermott,* 134 Wis. 490, 494, 115 N. W. 138.

The trial court suggested without deciding, that appellant was not entitled to dower in the property under sec. 2159, Stats. (1898), since her husband died seised of an equitable title only. If that be wrong the judgment is clearly erroneous, since, where one has an unassigned dower right and is left, at the death of her husband, with her children in possession of the property in which such right subsists, she may retain such possession by virtue of sec. 3872, Stats. (1898), without having such dower assigned. She may assert such right effectively in ejectment both for defense and attack. Sec. 3094, Stats. (1898). Here again, as at substantially all points in the matter of judicial procedure, the Code governs, not the common law.

The question of whether a widow is entitled to dower in real estate of which her husband dies possessed of only *a mere equitable title,* has been recently considered and resolved in the negative by this court in *Will of Prasser, ante,* p. 92, 121 N. W. 643. It was there said that an estate of inheritance, as the term is used in the statute, is just what such term signified at common law, consequently that the statute gives dower only out of legal estates. But where the husband dies seised of the full equitable title and the owner of the whole beneficial interest, with only the mere legal title outstanding in a person having no duty to perform in respect to the property, as in this case, but to convey it to the equitable owner, the estate is to all intents and purposes a legal estate,—an estate of inheritance, within the meaning of the statute, in which the wife is entitled to dower.

The last foregoing may be, and probably is, out of harmony with some decisions elsewhere under statutes similar to ours, but it needs and will have no defense at this time by reference to supporting authorities. It is in harmony with the doctrine of this court that the dower right is to be favored in

Napa Valley W. Co. v. Casanova, 140 Wis. 289.

the law (*Munger v. Perkins,* 62 Wis. 499, 22 N. W. 511), and the better rule as we are constrained to believe. If the statute will reasonably permit of a construction which will save the dower right and also one which will defeat it, and there is uncertainty as to which was in the minds of the lawmakers when the statute was adopted, the former should prevail. At such time, as now, such an interest in real property as that of which appellant's husband died possessed was regarded as realty; an estate of inheritance, in the broad sense of the term, which passes to the heirs and to which the homestead right attaches. *Chopin v. Runte,* 75 Wis. 361, 44 N. W. 258. We are entirely satisfied with the decision recently rendered, treating a full equitable title and ownership of the entire beneficial interest in realty and right to be immediately clothed with the legal title, as here, as substantially a legal estate and within the meaning of the dower statute.

    *By the Court.*—The judgment is reversed, and cause remanded with directions to render judgment in appellant's favor in accordance with this opinion.

Timlin, J., dissents.