GUARANTEED INVESTMENT COMPANY, Appellant, vs. ST. CROIX CONSOLIDATED COPPER COMPANY, Respondent.

*February 3—February 24, 1914.*

*Ejectment: Pleading: Equitable counterclaim: Adequate legal defense: Demurrer: Costs upon failure to plead over.*

1. In ejectment a counterclaim for equitable relief cannot be sustained if the cause of action alleged therein constitutes a good legal defense and the defendant has a complete and adequate remedy at law as efficient as in equity.

2. In a proper case an equitable defense may be made in an action of ejectment where the defense at law is not adequate and a good cause of action in equity is pleaded.

3. Where, upon overruling a demurrer to a counterclaim, $10 costs of motion were imposed solely as a condition of plaintiff's right to serve a reply, but no reply was served, it was error to include such costs in a judgment against plaintiff.

APPEAL from a judgment of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Reversed.*

This is an action of ejectment brought to recover the real estate described in the complaint. The defendant answered to the effect that the plaintiff bases its claim on two tax deeds, and that it never was in possession of the property and that the three years statute of limitation had run against it. Defendant further answered by way of counterclaim, setting up that it is the owner in fee simple and in possession of the property described in the complaint, that the plaintiff makes claim to the land adverse to the defendant's said title, and that in truth and in fact the plaintiff has no interest or estate in said premises of any name or nature; and demands judgment that the plaintiff take nothing by this action, that its complaint be dismissed and the claim of the defendant to said premises be established against any claim of the plaintiff, that the plaintiff be forever barred against having or claiming any right or title to said premises adverse to this defendant, that plaintiff release to this defendant all claims to said lands and pay the costs of this action, and that defendant have such other relief as may be just and equitable. The plaintiff demurred to the defendant's counterclaim on the grounds (1) that the said counterclaim does not state facts sufficient to constitute a cause of action; and (2) that the cause of action stated or attempted to be stated is not pleadable as a counterclaim in this action.

The court below overruled the demurrer of the plaintiff to the defendant's counterclaim and required the plaintiff to pay $10 costs of motion as a condition of serving a reply to said counterclaim. The plaintiff having failed to reply to the counterclaim, the court ordered judgment for the defendant and against the plaintiff that the plaintiff take nothing by this action, that its complaint be dismissed, that the claim of the defendant to the premises described in the complaint be established against any claim of the plaintiff, that the plaint-

iff and all persons claiming under it since the filing of the notice of the pendency of the action be forever barred against having or claiming any right, title, or interest in or to said premises adverse to the defendant, and that the plaintiff release to the defendant all claim to said lands and pay the costs and disbursements of the action, together with $10 costs of motion. Judgment was entered accordingly, from which this appeal was taken.

The cause was submitted for the appellant on the brief of *D. A. Doolittle,* and for the respondent on that of *John Brennan.*

Kerwin, J.   The first contention made by counsel for appellant is that the counterclaim was not proper, because if proven it would constitute a legal defense to the cause of action set out in the complaint, therefore the defendant cannot be permitted, by setting up such fact as a counterclaim, to change the nature of the trial so as to secure a trial before the court without a jury.   Upon this point counsel relies upon the following cases: *Appleton Mfg. Co. v. Fox River P. Co.* 111 Wis. 465, 87 N. W. 453; *Harley v. Harley,* 140 Wis. 282, 122 N. W. 761; *Page v. Kennan,* 38 Wis. 320; *Lawe v. Hyde,* 39 Wis. 345; *Pennoyer v. Allen,* 51 Wis. 360, 8 N. W. 268; *Brown v. Cohn,* 88 Wis. 627, 60 N. W. 826.   The contention of counsel for appellant under this head involves two propositions: (1) Whether the counterclaim states a good cause of action in equity; and (2) whether, if so, such cause of action is pleadable as a counterclaim.   If the cause of action alleged in the counterclaim constitutes a good legal defense and the defendant has a complete and adequate remedy at law, as efficient as in equity, his counterclaim cannot be sustained.

In *Appleton Mfg. Co. v. Fox River P. Co., supra,* it was held that in ejectment neither the running of the statute of limitation nor facts constituting an estoppel *in pais* can prop-

erly be pleaded as a counterclaim under sec. 3078, Stats. (1898), each being available as a legal defense.

In *Harley v. Harley, supra,* the holding was to the same effect, namely, that a legal defense is not pleadable as a counterclaim in an action of ejectment.

In *Page v. Kennan, supra,* it was held that the complaint under sec. 29, ch. 141, R. S. 1858, should state facts showing the nature and validity of defendant's claim which constituted a cloud upon plaintiff's title to the land in question, and the complaint was held bad on demurrer.

In *Lawe v. Hyde, supra,* it was held that the defendant in ejectment cannot generally set up a counterclaim resting on legal title; but this case recognizes the general doctrine that an equitable defense may be made by counterclaim in a proper case.   See 39 Wis. 354.

In *Pennoyer v. Allen, supra,* it was held that equitable relief by injunction against bringing action was not proper, and that the counterclaim did not state an equitable defense; that the case made by the counterclaim was merely a defense at law.

In *Brown v. Cohn, supra,* it was held that facts which merely constitute a legal defense are not the proper subjects of a counterclaim.

In the instant case the facts pleaded show that defendant has an adequate remedy at law, hence it is not entitled to equitable relief.   In a proper case an equitable defense may be made in an action of ejectment where the defense at law is not adequate and a good cause of action in equity is pleaded.   *Lombard v. Cowham,* 34 Wis. 486; *Lawe v. Hyde,* 39 Wis. 345; *Grignon v. Black,* 76 Wis. 674, 45 N. W. 122, 938; *Du Pont v. Davis,* 35 Wis. 631; *Cornelius v. Kessel,* 58 Wis. 237, 16 N. W. 550; secs. 3078, 3186, Stats.   The defendant having an adequate remedy at law, the demurrer should have been sustained.

It is further insisted by counsel for appellant that the

court erred in awarding to the defendant in the judgment $10 costs of motion. In this we think the appellant is right. This $10 costs was imposed solely as a condition of the plaintiff serving a reply to the counterclaim, hence no authority existed for taxing it as costs against the plaintiff on failure to reply. *State ex rel. Rice v. Chittenden,* 107 Wis. 354, 83 N. .W. 635; *Schroeder v. Richardson,* 101 Wis. 529, 78 N. W. 178; *Case v. Fuldner,* 110 .Wis. 568, 86 N. W. 163; *Schmidt v. Joint School Dist.* 146 Wis. 635, 132 N. W. 583.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for further proceedings according to law.