GEORGE, ADMR., *v.* GEORGE.

(Decided May 26, 1924.)

*Mr. W. K. Gardner,* for plaintiff in error.
*Mr. Edwin E. Miller* and *Messrs. Treadway & Marlatt,* for defendant in error.

LEVINE, J. The facts in this case are contained in the agreed statement of facts. On April 16, 1913, August H. George and Estella George purchased the real estate involved in this proceeding, and on the same day executed a mortgage to the vendor for $9500. This is conceded to have been a purchase-money mortgage. This mortgage was cancelled April 3, 1915, and the cancellation was recorded June 2, 1915. On April 14, 1915, a mortgage was executed by the same parties to The Guardian Savings & Trust Company for $8000, which was cancelled of record June 2, 1915, the same date as the release of record of the mortgage given at the time of purchase. On April 14 the same parties executed to The Guardian Savings & Trust Company a mortgage for $8500 on the same property. This last mortgage remained on

the property unpaid until after the death of August H. George. The administrator sold the entire one-half interest of the deceased for $9875.

The widow filed a motion to determine the amount of dower to which she is entitled out of the proceeds of the sale. She claims her dower interest should be computed on the entire proceeds. The administrator contends it should be computed on only the residue after the payment of the mortgage. The Probate Court sustained the contention of the administrator, and held that the widow's dower was to be allowed only out of the surplus remaining after the payment of the mortgage. This judgment was reversed by the Common Pleas Court, and we are asked to reverse the judgment of the latter court.

Our decision calls for the interpretation of Section 8606, General Code, which reads as follows:

"A widow or widower who has not relinquished or been barred of it, shall be endowed of an estate for life in one-third of all the real property of which the deceased consort was seized as an estate of inheritance at any time during the marriage, in one-third of all the real property of which the deceased consort, at decease, held the fee simple in reversion or remainder, and in one-third of all the title or interest that the deceased consort had, at decease, in any real property held by article, bond, or other evidence of claim."

What is the meaning of the phrase an "estate of inheritance"?

"An 'estate of inheritance' is a species of freehold estate in lands, otherwise called a 'fee,' where the tenant is not only entitled to enjoy the land for his own life, but where, after his death, it is cast by the law upon the persons who successively represent him in *perpetuum,* in right of blood, according to a certain established order of descent." *Brown* v. *Freed,* 43 Ind., 253. Burrill's Law Dictionary.

"A full equitable title to real estate and like bene-

ficial interest therein, the holder of the legal title having no duty to perform in respect to the property except to convey the legal title to the owner of the equitable title, is an estate of inheritance within the meaning of the dower statute." *Harley* v. *Harley,* 140 Wis., 282, 122 N. W., 761.

It is conceded by counsel for defendant in error that if this mortgage were a purchase-money mortgage the widow would be dowable only out of the surplus, and not dowable out of the entire proceeds of the sale. Stress, however, is laid upon the fact that a purchase-money mortgage had already been satisfied, to wit, on the third day of April, 1915; that the new mortgage which is now existing on the property in favor of The Guardian Savings & Trust Company was not executed until the fourteenth day of April, 1915; that therefore in the interim of eleven days August H. George became seized of an estate in inheritance, and that therefore the dower right of defendant in error attached; that since she has not at any time by any act of hers waived said right she is entitled to an allowance of dower upon the entire proceeds of the sale, to be satisfied out of the surplus remaining after the mortgage is satisfied.

It is further urged by counsel for defendant in error that a mortgage is regarded as a mere security for a debt, and as incident to it; that as against the mortgagee and all the world the legal title to the mortgaged premises, until condition broken, remains in the mortgagor; that therefore he is deemed seized of such mortgaged premises.

The arguments urged in behalf of defendant in error would be indeed tenable and convincing if not for the conceded facts presented to us. It appears clearly from the record that to the extent of $8500 of the original indebtedness secured by a purchase-money mortgage The Guardian Savings & Trust Company became substituted to such security. There is no doubt that

if the purchase-money mortgage were assigned for a consideration to The Guardian Savings & Trust Company by the holders thereof the latter could claim all the rights, benefits and privileges arising from such purchase-money mortgage. In such case, notwithstanding the assignment, the case would be treated as if the original mortgagees were still the owners of the said purchase-money mortgage. It is conceded that in the case of such purchase-money mortgage the administrator's contention would be correct, and that the widow would in that event be dowable in the surplus only, and not in the entire proceeds of the sale to be satisfied out of such surplus.

The Guardian Savings & Trust Company did, in fact, pay the joint indebtedness secured by the purchase-money mortgage of August H. George and Estella. George, the makers thereof, to the extent of eight thousand five hundred dollars. It was one transaction. It is, in our opinion, the same as if the purchase-money mortgage were still continuing in force, for at no time was there in fact a lapse of time during which the indebtedness secured by a mortgage did not operate.

Counsel for defendant in error seek to draw a distinction between the case of a purchase-money mortgage and that of an ordinary mortgage, and lay stress upon the theory underlying a purchase-money mortgage, that where a purchase-money mortgage is executed the purchaser is only seized with title for an instant for the purpose of giving the title back to the seller; further, that the vendee is considered as holding the property in trust for the vendor to the extent to which he still owes him a part of the purchase price; that the vendor has what is termed a vendor's lien attaching to the property sold; that the benefit of such lien for the purchase money cannot be claimed by anyone but the vendor; that a vendor's lien is not assignable, and consequently no third party can claim

the benefit of it; and that these reasons, which are the basis of the benefits accruing by virtue of a purchase-money mortgage, do not exist in the case of an ordinary mortgage.

We are not prepared to agree with counsel for defendant in error that a purchase-money mortgage is not assignable in Ohio, so as to confer upon the assignee all the rights and benefits existing in favor of the assignor. It is reasonable to assume that the beneficial interest which a person has or possesses in real estate or other property determines the extent of his estate. The mere fiction of legal title does not accomplish it. The beneficial interest rule is, in our opinion, quite sound, for it is by that alone that the extent of an estate can be accurately measured. We have here presented to us a case where, at no time, in point of fact, did August H. George, deceased, become seized of the land in question without there being a mortgage attaching to it. The existence of a mortgage of any kind necessarily is an important factor in determining the value of an estate.

We, therefore, hold that the Probate Court was correct in the conclusion it reached, and that the Common Pleas Court erred in reversing the judgment of the Probate Court. The judgment of the Common Pleas Court is, therefore, reversed, and that of the Probate Court is affirmed.

*Judgment reversed.*

VICKERY, P. J., and SULLIVAN, J., concur.