ESTATE OF STECK: OTTERSON, Executrix, Appellant, vs. FRASER, Executor, and others, Respondents.

*June 4—June 22, 1956.*

For the appellant there was a brief by *Joseph J. O'Day,* attorney, and *A. W. Schutz* of counsel, both of Milwaukee, and oral argument by *Mr. Schutz.*

For the respondents there was a brief by *Shaw, Muskat & Paulsen* and *R. J. Schimmel,* all of Milwaukee, for the adult remaindermen, by *O. A. Grootemaat* of Milwaukee, guardian *ad litem* for minor remaindermen, by *Churchill, Duback & Churchill* of Milwaukee, for the executor of the estate of Vincent Steck, deceased, and by *Kaumheimer, Alt & Likert* of Milwaukee, for the Marine National Exchange Bank, trustee of the Steck *inter vivos* trust, and oral argument by *Mr. Duback* and *Mr. Likert.*

STEINLE, J. The sole question presented upon this appeal is whether the trial court abused its discretion in refus-

ing to grant an extension of time to appeal from the order of the court entered on May 13, 1955.

The application of Jeanne L. Otterson as executrix of the will of Martha C. Steck for an extension of time within which to appeal was made pursuant to provisions in sec. 324.05, Stats. That statute provides as follows:

"EXTENSION OF TIME FOR APPEAL; RETRIAL. If any person aggrieved by any act of the county court shall, from any cause without fault on his part, omit to take his appeal within the time allowed, the court may, upon his petition and notice to the adverse party, and upon such terms and within such time as it shall deem reasonable, but not later than one year after the act complained of, allow an appeal, if justice appears to require it, with the same effect as though done seasonably; or the court may reopen the case and grant a retrial, but the order therefor must be made within one year after the act complained of."

The widow had petitioned the court for amendment of the proof of her husband's will, and thereby sought a determination that the trust agreement was testamentary in character, and that it was to be probated in conjunction with the will. The respondents by their answers challenged the right of the widow to maintain her petition for the reason that she had elected to take her distributive share of the decedent's estate as provided by law, instead of as provided by his last will and testament, and that, consequently, she was not a person aggrieved by the order of the court in admitting the will to probate. Respondents sought an order dismissing the widow's petition. The trial court, however, adjudicated the widow's petition and decided that the trust agreement constituted a trust *inter vivos*, and that it was not testamentary in character. The court refused to admit the trust instrument to probate. The widow did not appeal from the court's determination within the time permitted by law. The executrix sought to have such failure excused because of the

widow's critical illness. The executrix did not file a notice of appeal within the remaining time permitted for appeal after the widow's death. However, within such period the executrix applied for an extension of time to appeal, and also for the substitution of herself as executrix and as a party in interest in place of the deceased widow. The court's declination to extend the time to appeal was based principally on the grounds that neither the widow nor the executrix were aggrieved persons under sec. 324.05, Stats., and that the executrix had ample time to file a notice of appeal, and that she was not without fault in failing to do so.

On this appeal we are not concerned with the merits of the controversy as to whether the trust instrument is testamentary in character. We are confronted only with the issue of the right of the widow, or the executrix in her stead, to appeal.

It appears of record that the widow had no knowledge of the existence of the trust instrument until after the husband died. She accepted no benefits under that instrument. Her election could not apply to the corpus of the trust arrangement unless it were to be adjudicated that the trust instrument was testamentary in character. A widow is not entitled to dower in an *inter vivos* trust. *Will of Prasser* (1909), 140 Wis. 92, 96, 121 N. W. 643; *Harley v. Harley* (1909), 140 Wis. 282, 288, 122 N. W. 761. By offering the trust instrument in probate as a testamentary document, the widow did not repudiate her election, nor did she thereby indicate that she desired to take partly under the "will and codicil" and partly under the law. Claiming that as a matter of law her husband's trust arrangement was a testamentary disposition, she wanted her election to apply to his entire estate— the portion referred to in the trust agreement, and that mentioned in the will.

Under provision of sec. 310.045 (2), Stats., the surviving spouse is a person interested in a petition for probate of a

will. Sec. 324.22 provides for amendment of county court records. Having had an interest in the will of her husband, at least to the extent of claiming an election under the statutes as against it in its entirety, we find nothing incongruous or invalid in the action of the widow in presenting the trust instrument for probate. Since she had an interest in the matter, and was a person aggrieved for the reason that the court's decision was adverse to her interest, she was entitled to appeal. Her inability to have done so before her death, as indicated in the petition of the executrix, and not controverted, entitled the executrix to be substituted for the widow in the matter of the appeal.

Respondents contend that the executrix was at fault in failing to take the appeal within the time allowed by law. Such time expired July 12, 1955. The executrix had been appointed in that capacity on June 30, 1955. On July 7, 1955, she petitioned the court for the substitution of herself in her representative capacity in place of the deceased widow, and also for an extension of time to appeal. The trial court ruled that there was no requirement under the law for such substitution, and that were there such requirement, she had ample time within which to have been substituted and to have filed a notice of appeal.

Sec. 269.16, Stats., provides:

"DEATH OR DISABILITY OF PARTY. In case of the death or disability of a party, if the cause of action survives, the court may order the action to be continued by or against his representatives or successor in interest."

Ch. 269, Stats., which pertains to practice regulations (and which includes sec. 269.16, Stats.), is a part of Title XXV of the statutes relating to "Procedure in Civil Actions" (see Table of Contents, Stats.). Sec. 260.01 provides:

"SCOPE OF TITLE XXV. Title XXV relates to civil actions in the circuit courts and *other courts of record,* having

concurrent jurisdiction therewith to a greater or less extent, in civil actions, and to *special proceedings in such courts* except where its provisions are clearly inapplicable or inappropriate to special proceedings." (Emphasis supplied.)

It was essential that there be substitution of the executrix in place of the widow, in order to enable her to appeal. Under the statutory provisions referred to, the court was empowered to direct that the action be continued in the executrix.

The trial court was in error with respect to its rulings that neither the widow nor the executrix were aggrieved persons, and that it was not necessary that the court continue the action in the executrix. It is apparent that prejudice has resulted to the executrix as a result of such misconception of the law. In *Endeavor-Oxford Union F. H. S. Dist. v. Walters* (1955), 270 Wis. 561, 569, 72 N. W. (2d) 535, this court pointed out that:

"Abuse of discretion does not necessarily mean ulterior motive, arbitrary conduct, or wilful disregard of the rights of a litigant, *but it may mean a failure to apply principles of law applicable to a situation if prejudice results.*" (Emphasis supplied.)

Sec. 324.05, Stats., is to be liberally construed. *Estate of Trimpey* (1950), 257 Wis. 481, 483, 44 N. W. (2d) 308.

A careful consideration of the entire record has led us to the conclusion that the widow and the executrix were "aggrieved persons;" that the delay in seeking the extension was without fault on their part, and that justice required the extension of time for appeal. We are obliged to determine that the trial court abused its discretion in denying the application for such extension of time.

*By the Court.*—Order reversed, and cause remanded with directions to order that the action be continued in the executrix; and to grant appellant a reasonable time to perfect the appeal and settle the bill of exceptions.